1  ARAVIND SWAMINATHAN (*admitted pro hac vice*)
   aswaminathan@orrick.com
2  REBECCA HARLOW (STATE BAR NO. 281931)
   rharlow@orrick.com
3  THOMAS FU (STATE BAR NO. 325209)
   tfu@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   701 Fifth Avenue
5  Suite 5600
   Seattle, WA  98104-7097
6  Telephone:     +1 206 839 4300
   Facsimile:      +1 206 839 4301
7
   Attorneys for Defendants
8  BLOCK, INC. and CASH APP INVESTING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MICHELLE SALINAS and RAYMEL WASHINGTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOCK, INC. and CASH APP INVESTING, LLC,<br><br>Defendants. | Case No. 3:22-cv-04823-JSC<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11** |
|---|---|

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Civil Local Rules 3-12 and 7-11, Defendants Block, Inc. ("Block") and Cash App Investing, LLC ("CAI") submit this Administrative Motion to consider whether *Gordon v. Block, Inc. et al.*, Case No. 22-cv-06787 (N.D. Cal.), should be related to *Salinas, et al. v. Block, Inc., et al.*, No. 22-cv-04823-JSC, now pending before this Court.

## I. LEGAL STANDARD

Northern District of California Civil Local Rule 3-12(b) requires that "[w]henever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District . . . , the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related . . . ." Two cases are related if they "concern substantially the same parties, property, transaction, or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a).

## II. ARGUMENT

On August 23, 2022, Plaintiffs Salinas and Washington filed a Class Action Complaint asserting claims against both Block and CAI relating to a December 2021 data security event affecting certain customers of CAI. Case No. 22-cv-04823, ECF No. 1, ¶ 1. They allege that their private information ("PII") was compromised in the event, *id.* at ¶ 5, that Defendants failed to implement reasonable measures to safeguard their PII, *id.* at ¶¶ 31–32, 36–50, that Defendants made misrepresentations regarding the steps they took to protect PII, *id.* at ¶¶ 33-35, 194, 205, 215, and that they have been injured as a result, *id.* at ¶¶ 70–91.[1]

As they put it, Plaintiffs bring suit against Defendants "for their failure to exercise reasonable care . . . in connection with [the] December 2021 data breach." *Id.* at ¶ 1. They assert claims on behalf of a nationwide class of individuals "whose Private Information was compromised because of the Data Breach," as well as California, Illinois, and Texas subclasses. *Id.* at ¶ 94. The Complaint includes eleven causes of action: negligence, breach of contract and of the covenant of good faith and fair dealing, breach of implied contract, unjust enrichment, violation of the California Unfair Competition Law (UCL), violation of the California Consumer Records Act, and state law claims under Illinois and Texas statutes and seeks declaratory and injunctive relief. Case

---

[1] Defendants do not concede that any of the allegations discussed herein are accurate or sufficient to state a claim.

No. 22-cv-04823, ECF No. 1.

On November 2, 2022, Plaintiff Gordon filed a separate complaint that also centers around the same December 2021 data security event involving CAI. Case No. 22-cv-06787, ECF No. 1, ¶ 4. Plaintiff Gordon similarly alleges that her PII was compromised in the event and similarly brings claims against both Block and CAI. *Id.* at ¶ 14. Like Plaintiffs Salinas and Washington, Plaintiff Gordon also asserts that Defendants failed to implement reasonable measures to safeguard her PII, *id.* at ¶¶ 4, 40–54, that Defendants made misrepresentations regarding the steps they took to protect her PII, *id.* at ¶¶ 8, 27–28, 124–26, and that she has been damaged as a result, *id.* at ¶¶ 14–15, 65.

She seeks to represent a nationwide class of "current or former customers . . . who have had their PII compromised as a result of Defendants' negligent security . . .," as well as a Texas subclass. *Id.* at 70. The only particular compromise of PII Plaintiff Gordon alleges in her complaint is the December 2021 data security event.[2] *See id.* at ¶ 14 ("Following Defendants' negligence which resulted in her PII being accessed and/or stolen during the 2021 Data Breach, Plaintiff . . . . "); ¶¶ 35–41 ("Defendants' Inadequate Data Security Causes 2021 Data Breach"); ¶ 59 ("The Data Breach was a direct and proximate result of Defendants'" alleged negligence.)' ¶ 69 (discussing alleged delay in notification of data security event); ¶ 74e (identifying as common issue for putative class "[w]hether Plaintiff and the Class are at increased risk for identity theft because of the Data Breach"). Plaintiff Gordon asserts six of the eleven causes of action that appear in the *Salinas* Complaint and adds related claims for violation of the California Consumer Legal Remedies Act, fraud by omission, deceit by concealment, negligent misrepresentation, breach of confidence, and invasion of privacy. Case No. 22-cv-06787, ECF No. 1.

The two actions thus involve overlapping causes of action on behalf of similarly situated individuals, against the same Defendants, arising out of the same underlying facts – Plaintiffs were

---

[2] In an attempt to support her argument that Defendants should have enhanced their data security prior to the December 2021 data security event, Plaintiff Gordon alleges that Defendants were aware of prior fraudulent transfers from Cash App accounts. But she does not allege that any of the alleged transfers resulted from a compromise of PII. Nor does she allege that she was ever subject to such a transfer.

members of CAI; Plaintiffs claim to have suffered harm they attribute to a CAI data security event; and Plaintiffs seek to hold Defendants responsible for having allowed the data security event to occur and for the statements about data security they made prior to the event. Plaintiff Gordon is a member of the class that Plaintiffs Salinas and Washington seek to represent (including their Texas subclass), and vice versa. As demonstrated through the examples in the chart below, the two complaints indisputably "concern substantially the same parties . . . or event" as required under Civil Local Rule 3-12(a).

| | *Salinas* Complaint | *Gordon* Complaint |
|---|---|---|
| Allegations Defendants failed to safeguard class members' PII | ¶¶ 31–32, 36–50 | ¶¶ 4, 40–54 |
| Allegations Defendants made misrepresentations about protecting PII | ¶¶ 33-35, 194, 205, 215 | ¶¶ 8, 27–28, 124–126 |
| Allegations of injury arising from the December 2021 data security event | ¶¶ 70–91 | ¶¶ 14–15, 65 |
| Claims | **Negligence**<br><br>Breach of Contract/**Breach of Covenant of Good Faith and Fair Dealing**<br><br>**Breach of Implied Contract**<br><br>Unjust Enrichment/Quasi-Contract<br><br>**Breach of Fiduciary Duty**<br><br>California Unfair Competition Law<br><br>California Consumer Records Act<br><br>Illinois Consumer Fraud Act<br><br>Illinois Uniform Deceptive Trade Practices Act<br><br>**Texas Deceptive Trade Practices Act- Consumer Protection Act**<br><br>**Declaratory/Injunctive Relief** | **Negligence**<br><br>California Consumer Legal Remedies Act<br><br>Fraud by Omission<br><br>Deceit by Concealment<br><br>Negligent Misrepresentation<br><br>**Breach of Implied Contract**<br><br>Breach of Confidence<br><br>Invasion of Privacy<br><br>**Breach of Fiduciary Duty**<br><br>**Breach of Covenant of Good Faith and Fair Dealing**<br><br>**Declaratory and Injunctive Relief**<br><br>**Texas Deceptive Trade Practices Act- Consumer Protection Act** |
| Class Definition | Nationwide class of individuals "whose Private Information was compromised because of the Data Breach" | Nationwide class "current or former customers . . . who have had their PII compromised as a result of Defendants' negligent security . . ." |

As a result of the marked similarity in the claims, having two different judges hear the cases separately would create judicial inefficiency, cause burdensome and duplicative work for the parties, and pose a risk of inconsistent rulings on the same claims about the same facts involving the same parties, all of which requires that they be found related. *See* Civ. L.R. 3-12(a). Given that more than half of the causes of action appear in both complaints, there will likely be duplicative motions to dismiss and the risk of inconsistent rulings if the cases are not related and consolidated.[3] And, if any of the claims survive the motions to dismiss and discovery proceeds, it will substantially overlap in the two matters, as Defendants assume both Plaintiffs will seek discovery about the 2021 data security event, Defendants' data security more generally, and other related topics. Class discovery will also likely be duplicative, since the classes in both cases at least overlap and may be identical, even if the phrasing used to define them is not exactly the same. Finally, in the event that class certification and summary judgment are considered, there will likely be duplication of arguments, which raises the specter of inconsistent rulings by different judges on the same legal standards applied to the same underlying facts.

### III.  CONCLUSION

For the foregoing reasons, Defendants Block Inc. and Cash App Investing LLC respectfully request that the Court relate the *Gordon* action to the earlier-filed *Salinas* action.

Dated: November 28, 2022

ARAVIND SWAMINATHAN
REBECCA HARLOW
THOMAS FU
Orrick, Herrington & Sutcliffe LLP


By:   */s/ Aravind Swaminathan*
ARAVIND SWAMINATHAN
Attorneys for Defendants
BLOCK, INC. and CASH APP INVESTING, LLC

---

[3] Defendants intend to seek consolidation once the cases have been related.