Daniel E. Gustafson (admitted *pro hac vice*)
David A. Goodwin (admitted *pro hac vice*)
Mary M. Nikolai (admitted *pro hac vice*)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
mnikolai@gustafsongluek.com

*Counsel for Plaintiffs*

(Additional counsel listed on signature page)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE SALINAS and RAYMEL WASHINGTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>BLOCK, INC. and CASH APP INVESTING, LLC,<br><br>Defendants. | Case No. 3:22-cv-04823-JSC<br><br>**PLAINTIFFS' RESPONSE IN SUPPORT OF DEFENDANT'S MOTION TO CONSOLODATE** |

PLAINTIFFS' RESPONSE IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE

**INTRODUCTION**

On August 23, 2012, Plaintiffs in this putative class action allege that Defendants Block, Inc. and Cash App Investing, LLC, failed to exercise reasonable care to safeguard their users' private information with respect to a data breach in December 2021. On November 2, 2022, another putative class of plaintiffs filed *Gordon v. Block, Inc. et al.*, Case No. 22-cv-06787 (N.D. Cal.) alleging substantially similar facts and brings similar claims against the same defendants. On November 28, 2022, Defendants filed an administrative motion pursuant to N.D. Cal. Local Rule 3-12(b) to consider whether these two cases should be related. Pursuant to Local Rule 13-12(e), Plaintiffs submit this statement of support for Defendants' administrative motion.

**RELEVANT BACKGROUND**

In this action, Plaintiffs bring eleven causes of action against Defendants Block, Inc. and Cash App Investing, LLC, all of which stem from a December 2021 breach of Defendants' computer system and network security and subsequent exposure of Plaintiffs' Private Information. Compl., ECF No. 1, ¶¶ 105–238. Plaintiffs allege that Defendants' conduct—specifically, their misrepresentations regarding their security measures and failure to exercise reasonable care—led to the release of Plaintiff's Private Information in December 2020. Plaintiffs assert that this conduct violated state unfair competition and consumer protection laws and constitutes common-law negligence and breach of contract. *Id.*

In *Gordon v. Block, Inc. et al.*, Case No. 22-cv-06787 (N.D. Cal.), filed November 2, 2022, the plaintiff alleges, on behalf of herself and all others similarly situated, that the same December 2020 data breach was the result of Defendants' misrepresentations and failure to implement reasonable security measures, and that she suffered substantially the same sort of damages alleged here. Case No. 22-cv-06787, ECF No. 1.

PLAINTIFFS' RESPONSE IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE

1

## LEGAL ANALYSIS

Under N.D. Cal. Local Rule 3-12(a), actions are related when "(1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Because this and the *Gordon* action seek to represent a nationwide class of persons alleging similar claims against the same Defendants for the December 2020 data breach, Plaintiffs concur with Defendants that the two cases "indisputably" concern substantially the same parties and events. ECF No. 35, 4. Likewise, while the complaints in each case do not assert entirely identical causes of action, all causes of action in both cases revolve around the same data breach. Accordingly, even causes of action unique to only one case will share substantially similar discovery and issues of law and fact. Therefore, permitting these two actions to proceed separately is highly likely to "be an unduly burdensome duplication of labor and expense." N.D. Cal. Local Rule. 3-12(a)(2).

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully support Defendants' Administrative Motion to Consider Whether Cases Should be Related. ECF No. 35.

Dated:  December 2, 2022                                  Respectfully submitted,

*/s/David A. Goodwin*
Daniel E. Gustafson (admitted *pro hac vice*)
David A. Goodwin (admitted *pro hac vice*)
Mary M. Nikolai (admitted *pro hac vice*)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
mnikolai@gustafsongluek.com

PLAINTIFFS' RESPONSE IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE

Dennis Stewart (#99152)
**GUSTAFSON GLUEK PLLC**
600 W. Broadway
Suite 3300
San Diego, CA 92101
Tel: (612) 333-8844
dstewart@gustafsongluek.com

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street NE
Washington, DC 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

Gary S. Graifman
Melissa R. Emert
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
135 Chestnut Ridge Road, Suite 200
Montvale, New Jersey 07645
Tel: 845-356-2570
Fax: 845-356-4335
ggraifman@kgglaw.com
memert@kgglaw.com

PLAINTIFFS' RESPONSE IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE

3