ARAVIND SWAMINATHAN (*admitted pro hac vice*)
aswaminathan@orrick.com
MICHELLE VISSER (STATE BAR NO. 277509)
mvisser@orrick.com
REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
THOMAS FU (STATE BAR NO. 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue
Suite 5600
Seattle, WA  98104-7097
Telephone:   +1 206 839 4300
Facsimile:   +1 206 839 4301

Attorneys for Defendants
BLOCK, INC. and CASH APP INVESTING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SALINAS and RAYMEL WASHINGTON, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BLOCK, INC. and CASH APP INVESTING, LLC,<br><br>　　　　Defendants. | Case No. 3:22-cv-04823-JSC<br><br>**NOTICE OF MOTION AND MOTION TO CONSOLIDATE**<br><br>Date:  Jan. 19, 2023<br>Time:  9:00 a.m.<br>Courtroom:  8<br>Judge:  Hon. Jacqueline Scott Corley |
| AMANDA GORDON, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BLOCK, INC., and CASH APP INVESTING, LLC,<br><br>　　　　Defendants. | Case No. 3:22-cv-06787-JSC |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on Thursday January 19, 2023, or as soon thereafter as the matter may be heard in Courtroom 8 (19th Floor) of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendants Block, Inc. and Cash App Investing LLC will, and hereby do, move the Court for an order consolidating *Salinas v. Block Inc. et al.*, Case No. 22-cv-4823, with *Gordon v. Block, Inc. and Cash App Investing, LLC*, No. 22-cv-6787. This motion is based on this notice, the concurrently filed memorandum of points and authorities, and all other facts the court may or should take notice of, all files, records, and proceedings in this case, and any oral argument the Court may entertain.

**STATEMENT OF RELIEF SOUGHT (CIVIL L.R. 7-2(B)(3)).** Defendants seek an Order pursuant to Federal Rule of Civil Procedure 42(a) consolidating *Salinas v. Block Inc. et al.*, Case No. 22-cv-4823 and *Gordon v. Block Inc. et al.*, Case No. 22-cv-6787.

## I. INTRODUCTION

In early 2022, defendant Block Inc. ("Block"), announced that a former employee of its subsidiary and co-defendant Cash App Investing LLC ("CAI") had downloaded reports on December 10, 2021 that contained certain limited information (names, CAI brokerage account numbers, and in some cases portfolio value, holdings, or one day of trading activity) relating to certain CAI customers (the "December 2021 data security event"). Even though the reports did not include information such as usernames or passwords that would permit a bad actor to access the CAI brokerage or any other accounts, Block and CAI have been sued in two strikingly similar suits by plaintiffs who allege that they were in some way affected by the December 2021 data security event and who seek to represent a class of individuals whose information was compromised. On Block and CAI's motion, those nearly identical cases were already found to be related and the later-filed action was reassigned to this Court. Block and CAI now seek an order consolidating the two cases, *Salinas v. Block, Inc. and Cash App Investing LLC*, Case No. 22-cv-4823, and *Gordon v. Block, Inc. and Cash App Investing LLC*, Case No. 22-cv-6787.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure permits a court to consolidate "actions before the court [that] involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The purpose of consolidation is to avoid unnecessary cost and delay." *April in Paris v. Becerra*, 494 F. Supp. 3d 756, 771 (E.D. Cal. 2020) (consolidating complaints raising "substantially identical questions of law" that "seek the same relief"). The determination whether to consolidate includes a weighing of "the interest of judicial convenience against the potential for delay, confusion and prejudice." *Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (Tigar, J.) (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049 (N.D. Cal. 2010) (White, J.). Where two cases "address nearly identical factual issues and legal claims[,] . . . judicial convenience and a just resolution of the parties' claims would be best served through consolidation." *Id.* (consolidating shareholder class actions under PSLRA).

### III.  BACKGROUND

On August 23, 2022, Plaintiffs Salinas and Washington filed a Class Action Complaint asserting claims against both Block and CAI relating to the December 2021 data security event. Case No. 22-cv-04823, ECF No. 1, ¶ 1.  They allege that their private information ("PII") was compromised in the event, *id.* at ¶ 5, that Defendants failed to implement reasonable measures to safeguard their PII, *id.* at ¶¶ 31–32, 36–50, that Defendants made misrepresentations regarding the steps they took to protect PII, *id.* at ¶¶ 33–35, 194, 205, 215, and that they have been injured as a result, *id.* at ¶¶ 70–91.[1]

As they put it, the *Salinas* Plaintiffs bring suit against Defendants "for their failure to exercise reasonable care . . . in connection with [the] December 2021 data breach." *Id.* at ¶ 1.  They seek to represent a nationwide class of individuals "whose Private Information was compromised because of the Data Breach," as well as California, Illinois, and Texas subclasses. *Id.* at ¶ 94.  The Complaint includes eleven causes of action: negligence, breach of contract and of the covenant of good faith and fair dealing, breach of implied contract, unjust enrichment, violation of the California Unfair Competition Law (UCL), violation of the California Consumer Records Act, and state law claims under Illinois and Texas statutes and seeks declaratory and injunctive relief.  Case No. 22-cv-04823, ECF No. 1.

On November 2, 2022, Plaintiff Gordon filed a separate complaint that also centers around the December 2021 data security event.  Case No. 22-cv-06787, ECF No. 1, ¶ 4.  Plaintiff Gordon similarly alleges that her PII was compromised in the event and similarly brings claims against both Block and CAI.  *Id.* at ¶ 14.  Like Plaintiffs Salinas and Washington, Plaintiff Gordon also asserts that Defendants failed to implement reasonable measures to safeguard her PII, *id.* at ¶¶ 4, 40–54, that Defendants made misrepresentations regarding the steps they took to protect her PII, *id.* at ¶¶ 8, 27–28, 124–26, and that she has been damaged as a result, *id.* at ¶¶ 14–15, 65.

She seeks to represent a nationwide class of "current or former customers . . . who have had their PII compromised as a result of Defendants' negligent security . . .," as well as a Texas subclass.

---

[1] Defendants do not concede that any of the allegations discussed herein are accurate or sufficient to state a claim.

1  *Id.* at 70.  The only specific compromise of PII Plaintiff Gordon alleges in her complaint is the
2  December 2021 data security event.[2]  *See id.* at ¶ 14 ("Following Defendants' negligence which
3  resulted in her PII being accessed and/or stolen during the 2021 Data Breach, Plaintiff . . . . ");
4  ¶¶ 35–41 ("Defendants' Inadequate Data Security Causes 2021 Data Breach"); ¶ 59 ("The Data
5  Breach was a direct and proximate result of Defendants'" alleged negligence.); ¶ 69 (discussing
6  alleged delay in notification of data security event); ¶ 74e (identifying as common issue for putative
7  class "[w]hether Plaintiff and the Class are at increased risk for identity theft because of the Data
8  Breach").  Plaintiff Gordon asserts six of the eleven causes of action that appear in the *Salinas*
9  Complaint and adds related claims for violation of the California Consumer Legal Remedies Act,
10 fraud by omission, deceit by concealment, negligent misrepresentation, breach of confidence, and
11 invasion of privacy.  Case No. 22-cv-06787, ECF No. 1.

12 Based upon the substantial similarity between the cases, Defendants filed an Administrative
13 Motion To Consider Whether Cases Should Be Related on November 28, 2022 (ECF No. 35),
14 which the Court granted on December 6, 2022 (ECF No. 41).  Plaintiffs Salinas and Washington
15 filed a response in support of that administrative motion, noting that the two complaints "alleg[e]
16 substantially similar facts and bring[] similar claims against the same defendants" and that "all
17 causes of action in both cases revolve around the same data breach."  ECF No. 38.

18 **IV.   ARGUMENT**

19 The overlap between the *Salinas* and *Gordon* actions extends far beyond the single common
20 issue of law or fact that Rule 42(a) requires before consolidation is permitted.  Indeed, the two
21 actions' core factual allegations are nearly identical—Plaintiffs in both actions were members of
22 CAI who (i) claim to have suffered harm they attribute to the 2021 data security event; (ii) assert
23 that Defendants failed to take appropriate measures to protect their PII; and (iii) claim that
24 Defendants made misrepresentations about data security prior to the event.  The legal claims
25 asserted also substantially overlap—Plaintiffs in both actions bring claims for breach of implied

---

[2] In an attempt to support her argument that Defendants should have enhanced their data security prior to the December 2021 data security event, Plaintiff Gordon alleges that Defendants were aware of prior fraudulent transfers from Cash App accounts.  But she does not allege that any of the alleged transfers resulted from a compromise of PII.  Nor does she allege that she was ever subject to such a transfer.

- 3 -

MOTION TO CONSOLIDATE
3:22-cv-04823-JSC

contract, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and violation of the Texas Deceptive Trade Practices Act-Consumer Protection Act. Both complaints seek declaratory and injunctive relief. And, both actions are brought as putative class actions, where Plaintiff Gordon would be a member of the class that Plaintiffs Salinas and Washington seek to represent (including their Texas subclass), and vice versa.

The chart below summarizes the similarities between the complaints.

| | *Salinas Complaint* | *Gordon Complaint* |
|---|---|---|
| *Allegations Defendants failed to safeguard class members' PII* | ¶¶ 31–32, 36–50 | ¶¶ 4, 40–54 |
| *Allegations Defendants made misrepresentations about protecting PII* | ¶¶ 33-35, 194, 205, 215 | ¶¶ 8, 27–28, 124–126 |
| *Allegations of injury arising from the December 2021 data security event* | ¶¶ 70–91 | ¶¶ 14–15, 65 |
| *Claims* | **Negligence**<br><br>Breach of Contract/**Breach of Covenant of Good Faith and Fair Dealing**<br><br>**Breach of Implied Contract**<br><br>Unjust Enrichment/Quasi-Contract<br><br>**Breach of Fiduciary Duty**<br><br>California Unfair Competition Law<br><br>California Consumer Records Act<br><br>Illinois Consumer Fraud Act<br><br>Illinois Uniform Deceptive Trade Practices Act<br><br>**Texas Deceptive Trade Practices Act-Consumer Protection Act**<br><br>**Declaratory/Injunctive Relief** | **Negligence**<br><br>California Consumer Legal Remedies Act<br><br>Fraud by Omission<br><br>Deceit by Concealment<br><br>Negligent Misrepresentation<br><br>**Breach of Implied Contract**<br><br>Breach of Confidence<br><br>Invasion of Privacy<br><br>**Breach of Fiduciary Duty**<br><br>**Breach of Covenant of Good Faith and Fair Dealing**<br><br>**Declaratory and Injunctive Relief**<br><br>**Texas Deceptive Trade Practices Act-Consumer Protection Act** |
| *Class Definition* | Nationwide class of individuals "whose Private Information was compromised because of the Data Breach" | Nationwide class "current or former customers . . . who have had their PII compromised as a result of Defendants' negligent security . . ." |

Given the substantial overlap in factual and legal issues, if the cases proceed independently, the work of the parties and the court will be needlessly duplicative, increasing both the burden on the court and the parties' litigation cost. In addition, consolidation would avoid the risk that in the unlikely event both actions go to trial, juries could reach inconsistent verdicts on what are essentially the same claims. Avoiding these inefficiencies and inconsistencies is exactly why consolidation exists. *See April in Paris*, 494 F. Supp. 3d at 771 (a "purpose of consolidation is to avoid unnecessary cost"); *Hessefort*, 317 F. Supp. 3d at 1060 (in "nearly identical" cases, "judicial convenience" and "just resolution" are "best served through consolidation").

No "potential for delay, confusion and prejudice," *Hessefort*, 317 F. Supp. 3d at 1060, counsels against consolidation here. No material delay will occur because, once consolidation is ordered and a consolidated complaint is filed, the single litigation can proceed along the same timeline as each individual case otherwise would. Indeed, a consolidated action would likely move faster than two separate actions because there would be no need to either coordinate or duplicate depositions and other discovery across two cases. Likewise, consolidation will not result in confusion. As set forth above, both complaints relate to the 2021 data security incident and involve the same core factual allegations. While the exact harms that are alleged in the two complaints may vary slightly, addressing them in a consolidated action will be no more confusing than any multi-plaintiff complaint (like the *Salinas* complaint itself) in which individuals with slightly different factual circumstances nevertheless pursue closely related claims. And finally, no risk of prejudice exists for any party. Plaintiffs Salinas, Washington, and Gordon will each be able to pursue his or her claims, represent the putative class(es), and seek the relief demanded in both complaints. If any prejudice is threatened here, it is the prejudice to Defendants of having to litigate the same case twice if consolidation is denied.

## V.   CONCLUSION

For the foregoing reasons, Defendants Block Inc. and Cash App Investing LLC respectfully request that the Court consolidate the *Salinas* and *Gordon* actions.

Dated: December 15, 2022

ARAVIND SWAMINATHAN
MICHELLE VISSER
REBECCA HARLOW
THOMAS FU
Orrick, Herrington & Sutcliffe LLP


By:   */s/ Aravind Swaminathan*
      ARAVIND SWAMINATHAN
      Attorneys for Defendants
      BLOCK, INC. and CASH APP
      INVESTING, LLC