**KANTROWITZ GOLDHAMER AND GRAIFMAN PC**
Gary Graifman, *admitted pro hac vice*
Melissa Emert, *admitted pro hac vice*
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Tel: (845) 356-2570
ggraifman@kgglaw.com
memert@kgglaw.com

**MIGLIACCIO & RATHOD LLP**
Nicholas Migliaccio, *admitted pro hac vice*
Jason Rathod**,** *pro hac vice forthcoming*
412 H St NE #302
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*Attorneys for Plaintiffs Salinas and Washington*

**FEDERMAN & SHERWOOD**
William B. Federman, *admitted pro hac vice*
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
wbf@federmanlaw.com

*Attorneys for Plaintiff Gordon*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| MICHELLE SALINAS, and RAYMEL WASHINGTON, individually and on behalf of all others similarly situated, | Case No.: 3:22-cv-04823 |
| Plaintiffs, | **PLAINTIFFS' MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(A) AND FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO FED. R. Civ. P. 23(G)** |
| v. | |
| BLOCK, INC., AND CASH APP INVESTING, LLC, | |
| Defendants. | |
| AMANDA GORDON, | Case No.: 3:22-cv-06787 |
| Plaintiff, | |
| v. | |
| BLOCK, INC., AND CASH APP INVESTING, LLC, | |

1  Defendants.

2  **NOTICE OF MOTION AND MOTION**

3  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

4  PLEASE TAKE NOTICE THAT Plaintiffs Michelle Salinas, Raymel Washington, and

5  Amanda Gordon move for an order consolidating the above-captioned class actions and appointing

6  Kantrowitz, Goldhamer & Graifman, P.C., Migliaccio & Rathod LLP and Federman & Sherwood as

7  Interim Co-Lead Class Counsel for the proposed class in the consolidated class action.

8  This Motion is based on this Notice, the following memorandum of points and authorities,

9  and the concurrently filed [Proposed] Order, as well as any other papers and argument submitted to

10  the Court before or at the hearing on this Motion.

11

12  Dated: December 21, 2023

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO CONSOLIDATE PRETRIAL
CLASS ACTIONS AND APPOINT INTERIM
CO-LEAD CLASS COUNSEL

**KANTROWITZ GOLDHAMER AND GRAIFMAN PC**

*/s/ Gary Graifman*
Gary Graifman, *admitted pro hac vice*
Melissa Emert, *admitted pro hac vice*
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Tel: (845) 356-2570
ggraifman@kgglaw.com
memert@kgglaw.com

**MIGLIACCIO & RATHOD LLP**
*/s/ Nicholas Migliaccio*
Nicholas Migliaccio, *admitted pro hac vice*
Jason Rathod**,** *pro hac vice forthcoming*
412 H St NE #302
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*Attorneys for Plaintiffs Salinas and Washington*

**FEDERMAN & SHERWOOD**
William B. Federman, *admitted pro hac vice*
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
wbf@federmanlaw.com

*Attorneys for Plaintiff Gordon*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On December 10, 2021, a former employee of Defendant Cash App Investing LLC ("CAI") downloaded reports containing CAI customers' account and personal identifiable information (the "Data Breach"). In April 2022, Defendant Block Inc. ("Block"), CAI's parent company, finally notified customers of the Data Breach. Plaintiffs were victims of the Data Breach and brought two similar lawsuits seeking to represent a class of individuals whose information was compromised. Plaintiffs now seek an order consolidating the two cases (the "Related Actions"), *Salinas v. Block, Inc. and Cash App Investing LLC*, Case No. 22-cv-4823 (the "*Salinas* Action"), and *Gordon v. Block, Inc. and Cash App Investing LLC*, Case No. 22-cv-6787 (the "*Gordon* Action").

Consolidation of the *Salinas* Action and *Gordon* Action is appropriate under Fed. R. Civ. P. 42(a) because both cases involve common defendants and allege similar factual and legal claims. Consolidation will also enable the Court to conduct proceedings in one combined action, ensuring that the Related Actions are adjudicated efficiently and expeditiously. Therefore, Plaintiffs respectfully request the Court enter an order consolidating the Related Actions. A proposed order granting this relief is submitted herewith.

Plaintiffs also move to appoint Kantrowitz, Goldhamer and Graifman, P.C. ("KGG"), Migliaccio & Rathod LLP ("M&R"), and Federman & Sherwood ("F&S") as Interim Co-Lead Class Counsel for the putative class—with full authority to create an executive committee and appoint members thereto. According to the Manual for Complex Litigation, the primary concern in appointing leadership in a complex action "is achieving efficiency and economy without jeopardizing fairness to the parties." Manual for Complex Litig. § 10.221 (4th ed. 2004). This case is best litigated by a lean leadership structure that will achieve maximum efficiency for the Class. As

explained in detail below, the above-listed firms satisfy the factors for the appointment of Interim Class Counsel outlined in Fed. R. Civ. P. 23(g).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Parties

Plaintiff Salinas is a Cash App user who resides in Texas and experienced multiple unauthorized withdrawals from her Cash App account following the Data Breach. Case No. 22-cv-04823, ECF No. 1, ¶¶ 10–12. Plaintiff Washington is a Cash App user who resides in Illinois and also experienced multiple unauthorized withdrawals from his Cash App account following the Data Breach. *Id.* at ¶¶ 14–16. Plaintiff Gordon is a Cash App user who resides in Texas and experienced multiple unauthorized attempts by third-party bad actors to misuse her Personal Identifying Information following the Data Breach. Case No. 3:22-cv-06787, ECF No.1, ¶¶12–14.

Additionally, a significant number of Cash App users have reported securities issues leading to claimed loss of money, or withdrawals from their Cash App accounts and the claims herein, particularly with regard to the *Gordon* Action, allege that Cash App has ignored certain vulnerabilities in its fintech mobile application which has been the cause of the losses alleged. Counsel for both Salinas and Gordon have received a continuing litany of complaints by Cash App users with regard to the security issues asserted.

Defendant Block, Inc. is a Delaware corporation headquartered in San Francisco, California. Block, Inc. was formerly known as Square, Inc. *Id.* at ¶ 16. Block is the parent company of Defendant Cash App Investing, LLC. *Id.* at ¶ 17. Defendant Cash App Investing, LLC is a brokerage firm and investment advisor firm with its main office located in Portland, Oregon. Cash App was formed in Delaware in February 2019 and operates throughout the United States. *Id.* at ¶ 19.

### B.     The Data Breach and Transaction Losses

The gravamen of the *Salinas* Action and the *Gordon* Action is Cash App's negligent data

security. On December 10, 2021, a former Cash App employee obtained access to customers' names, CAI brokerage account numbers, portfolio value, holdings, and trading activity. *Id.* at ¶ 35. While this employee had regular access to this information as part of their past job responsibilities, in this instance the information was accessed without permission after their employment ended. *Id.* Four months passed without Defendants sharing word of the breach with their users. *Id.* at ¶ 36. In addition to the Data Breach, multiple Cash App users have complained of unauthorized transactions stemming from their Cash App accounts, resulting in monetary loss. The Data Breach and the unauthorized transfers stem from one common source—Cash App's inadequate data security— prompting Plaintiffs to file the above-captioned cases.

### C.    Procedural History

On August 23, 2022, Plaintiffs Salinas and Washington filed a Class Action Complaint asserting claims against both Block and CAI "for their failure to exercise reasonable care . . . in connection with [the Data Breach]." Case No. 22-cv-04823, ECF No. 1, ¶ 1. Plaintiffs Salinas and Washington allege that their Private Information was compromised in the Data Breach, *id.* at ¶ 5, that Defendants failed to implement reasonable measures to safeguard their Private Information, *id.* at ¶¶ 32, 48, that Defendants made misrepresentations regarding the steps they took to protect their Private Information, *id.* at ¶¶ 33–35, and that they have been injured as a result. *See e.g. id.* at ¶¶ 12–13; 16–17. Plaintiffs Salinas and Washington bring eleven separate claims and seek to represent a nationwide class of individuals "whose Private Information was compromised because of the Data Breach," as well as Illinois, California, and Texas subclasses. *Id.* at ¶ 94.

On November 2, 2022, Plaintiff Gordon filed a separate complaint concerning the same Data Breach and, as noted above, the security vulnerabilities affecting the Cash App mobile application itself. Case No. 22-cv-06787, ECF No. 1, ¶ 4. Plaintiff Gordon alleges that her Private Information was compromised as a result and similarly brings claims against both Block and CAI. *Id.* at ¶¶

14,16,18. Like Plaintiffs Salinas and Washington, Plaintiff Gordon asserts that Defendants failed to implement reasonable measures to safeguard her Private Information, *id.* at ¶¶ 4, 40–54, that Defendants made misrepresentations regarding the steps they took to protect her Private Information, *id.* at ¶¶ 8, 27–28, 124–26, and that she has been damaged as a result, *id.* at ¶¶ 14–15, 65. She seeks to represent a nationwide class of "current or former customers . . . who have had their [Private Information] compromised as a result of Defendants' negligent security . . .," as well as a Texas subclass. *Id.* ¶ 70.

Plaintiff Gordon's opposition to consolidation, filed in December 2022, was withdrawn following extensive conversations between the Parties. These discussions led to a determination that the *Salinas* Action and the *Gordon* Action stem from Defendants' pattern and practice of failing to adequately safeguard customer information and funds. As a result, Plaintiffs Gordon, Salinas, and Washington, along with their counsel, aver consolidation is appropriate here.

### III. THE ACTIONS SHOULD BE CONSOLIDATED BEFORE THIS COURT

#### A.     Legal Standard

Rule 42(a) confers upon a district court broad discretion, whether at the request of a party or upon its own initiative, to consolidate cases when doing so would increase expedition and economy, and when such cases involve common questions of law or fact. *Azpeitia v. Tesoro Refining & Marketing Co. LLC*, 2017 U.S. Dist. LEXIS 149444, 2017 WL 4071368, at *1 (N.D. Cal. Sept. 14, 2017) (citing *Investors Rsch. Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). The cases need not be identical for purposes of consolidation. *See Felix v. Symantec Corp.*, 2018 U.S. Dist. LEXIS 1446971, at *2 (N.D. Cal. Aug. 23, 2018)("FRCP 42(a), however does not require complaints to be identical for the purposes of consolidation.") Courts have recognized that consolidation is appropriate in data breach cases where two or more cases arise from the same occurrence. *See, e.g.*, *Huynh v. Quora, Inc.*, No. 18-cv-07597-BLF, 2019 U.S. Dist. LEXIS

62904 (N.D. Cal. Apr. 11, 2019) (finding that consolidation was appropriate where two cases brought similar legal claims against Quora on behalf of two nearly identical classes for the same alleged 2018 data breach).

**B.      Argument and Authorities**

**1.   Common Questions of Fact and Law Predominate**

The Related Actions significantly arise from the same set of common facts—Cash App's negligence and failure to implement adequate data security—which gave rise to the Data Breach and numerous users complaining of unauthorized monetary transfers from their Cash App accounts. The Related Actions seek to recover class-wide damages based on substantially similar claims and theories, and Defendants' expected factual and legal defenses to those claims and defenses will involve substantial overlap. Further, the evidence bearing on the propriety of class certification is expected to be almost entirely the same, if not identical. To the extent the Related Actions take slightly different definitional approaches in their respective pleadings related to certification of a class or multiple classes, such minor differences are inconsequential for purposes of Fed. R. Civ. P. 42(a).

The overlap between the *Salinas* Action and the *Gordon* Action extends far beyond the single common issue of law or fact that Rule 42(a) requires before consolidation is permitted. Indeed, the actions' core factual allegations are nearly identical—Plaintiffs in both actions were users of CAI who (i) claim to have suffered harm they attribute to the 2021 data security event; (ii) assert that Defendants failed to take appropriate measures to protect their Private Information; and (iii) claim that Defendants made misrepresentations about data security prior to their use of the mobile application. The legal claims asserted also substantially overlap—Plaintiffs in both actions bring claims for breach of implied contract, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and violation of the Texas Deceptive Trade Practices Act-Consumer Protection Act.

Both complaints seek declaratory and injunctive relief. And, both actions are brought as putative class actions, where Plaintiff Gordon would be a member of the class that Plaintiffs Salinas and Washington seek to represent (including their Texas subclass), and vice versa.

Given the substantial overlap in factual and legal issues, if the cases proceed independently, the work of the parties and the court will be needlessly duplicative, increasing both the burden on the Court and the parties' litigation cost. In addition, consolidation would avoid the risk that in the unlikely event both actions go to trial, juries could reach inconsistent verdicts on what are essentially the same claims. Avoiding these inefficiencies and inconsistencies is exactly why consolidation exists. *See Paris v. Becerra*, 494 F. Supp. 3d 756, 771 (E.D. Cal. 2020)(a "purpose of consolidation is to avoid unnecessary cost"); *Hessefort v. Super Micro Comp., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018)(in "nearly identical" cases, "judicial convenience" and "just resolution" are "best served through consolidation"). No "potential for delay, confusion and prejudice," *Hessefort*, 317 F. Supp. 3d at 1060, counsels against consolidation here. No material delay will occur because, once consolidation is ordered and a consolidated complaint is filed, the single litigation can proceed along the same timeline as each individual case otherwise would. Indeed, a consolidated action would likely move faster than two separate actions because there would be no need to either coordinate or duplicate depositions and other discovery across two cases. Likewise, consolidation will not result in confusion. As set forth above, both actions relate to the Cash App application's vulnerabilities, the 2021 Data Breach, and involve the same core factual allegations. While the exact harms that are alleged may vary slightly, addressing them in a consolidated action will be no more confusing than any multi-plaintiff complaint (like the complaint in the *Salinas* Action) in which individuals with slightly different factual circumstances nevertheless pursue closely related claims. And finally, no risk of prejudice exists for any party. Plaintiffs Salinas, Washington, and Gordon will each be able to pursue his or her claims, represent the putative class(es), and seek the relief demanded.

Practical considerations also support consolidation. Because the Related Actions will involve the same or substantially the same class certification evidence, it is highly likely that class discovery sought in one case will be relevant, material or likely to lead to the discovery of admissible evidence in the others. Coordinated discovery as part of consolidated proceedings would ensure that parties and witnesses are not required to give multiple depositions on the same subject matter. Consolidation will also ensure uniform treatment of the parties in the Related Actions throughout the discovery process and eliminate the risk of differing or potentially inconsistent rulings on matters involving the same facts or issues. Consolidation will further the important interests of judicial economy and efficiency.

Defendants also recognize consolidation is appropriate, because Defendants initiated the process by filing a motion to consolidate the cases. Accordingly, the Plaintiffs respectfully request that the Related Actions be consolidated for all pre-trial and trial purposes.

## IV. PROPOSED LEADERSHIP STRUCTURE

### A. Legal Standard

Rule 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3); *see also Levitte v. Google, Inc*., Nos. C 08-03369 et al., 2009 WL 482252, at *2 (N.D. Cal. Feb. 25, 2009). Similarly, the Manual for Complex Litigation (4th ed. 2009)("Manual") recommends that the Court select and authorize one or more attorneys to act on behalf of other counsel and their clients early in complex litigation. The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litig*. § 21.11 (4th ed. 2004). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are

pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Paraggua v. LinkedIn Corp.*, No. C 12-3088 EJD, 2012 U.S. Dist. LEXIS 123226, at *5-6 (N.D. Cal. Aug. 29, 2012)(Davila, J.)(*quoting White v. TransUnion*, LLC, 239 F.R.D. 681, 683 (C.D. Cal. 2006)). Appointing interim class counsel at this juncture will help these cases move forward expeditiously, avoid duplicative work, and limit the number of plaintiffs' counsel with whom Defendants need to confer.

In considering a motion to appoint interim lead class counsel, a court must determine who will best represent the interests of the class, and who is best able to accomplish the class action goals of efficiency and economy in doing so. Rule 23(g) sets forth four considerations for the appointment of interim lead class counsel:

(i)      the work counsel has done in identifying or investigating potential claims;
     (ii)      counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action;
     (iii)      counsel's knowledge of the applicable law; and
     (iv)      the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1)(A)(i)-(iv).[1] No single factor is determinative; all factors must be weighed to determine who can best represent the class. *See* Advisory Committee Notes (2003 Amendments). As provided below, each criterion supports the appointment of the KKG, M&R and F&S as Interim Co-Lead Class Counsel for the proposed class.

**B.      Argument and Authorities**

    **1.  Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date.**

---

[1] While neither Rule 23(g) nor the Advisory Committee Notes explicitly set forth the standards to be applied in choosing *interim* class counsel, as this Court provided in the Order, courts have held that the same factors that apply in choosing class counsel upon class certification apply in choosing interim class counsel. *See Gallagher v. Bayer AG*, Case No. 14-cv-04601-WHO, 2015 WL 4932292 (N.D. Cal. Aug. 18, 2015)(*citing Paraggua v. LinkedIn Corp.*, Case No. 5:12–CV–03088 EJD, 2012 WL 3763889 at *1 (N.D. Cal. Aug. 29, 2012).)

Proposed Interim Co-Lead Class Counsel Leads have committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation. This includes investigating and researching potential legal theories and claims at issue, researching and reviewing information relating to the factual underpinnings of the Data Disclosure, and researching and reviewing the issues relating to the data security of the mobile application. Before filing the above-captioned lawsuit, Proposed Interim Co-Lead Class Counsel researched the misrepresentations made by Defendants, as well as the injury and damages Defendants' alleged conduct caused consumers. Further, Proposed Interim Co-Lead Class Counsel identified and interviewed consultants to assist in developing the case and potential remedial measures. Proposed Interim Lead Class Counsel have fielded and interacted with hundreds of Cash App users who have reached out concerning the issues raised in the within lawsuits and have identified and interviewed potential fact witnesses and claimants. Proposed Interim Co-Lead Class Counsel are well equipped to expend the professional time and financial resources necessary to aggressively and effectively prosecute this litigation on behalf of Plaintiffs and the putative class. As discussed, all have successfully prosecuted similar claims in past class actions against some of the most capable defense counsel in the country. Proposed Interim Co-Lead Class Counsel have not and will not rely on litigation financing to fund this litigation.

        **2.** **Proposed Interim Class Counsel Possess the Necessary Experience and Skill to Prosecute this Action.**

Data privacy cases present unique and novel issues of fact and law that are forever evolving. These cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards. Appointing interim co-lead class counsel experienced in data privacy litigation is in the best interest of the class. *See Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel.").

As set forth above and in the firm biographies attached hereto as exhibits, the Proposed Co-Lead Class Counsel have substantial experience prosecuting complex consumer class actions on behalf of a wide variety of plaintiffs including in the data breach context. Proposed Interim Co-Lead Class Counsel and their respective firms are well-versed in consumer class actions and prosecuting data breach cases in particular. Success in these cases required Proposed Interim Co-Lead Class Counsel to investigate complex factual records, apply various aspects of class action law, manage complex litigation (including ESI issues), prepare for trial and resolve the disputes. Over the past decade, Proposed Interim Co-Lead Class Counsel have amassed significant experience handling such discovery in class action cases, including reviewing thousands of pages of documents, deposing employees of manufacturers, and consulting with experts, making these firms uniquely well-suited to serve as Interim Co-Lead Class Counsel. Proposed Interim Co-Lead Class Counsel have also held leadership positions in cases litigated in this District: for example, Ms. Emert of KGG served as Interim Class Counsel for *In re: Google Location History Litig*, 5:18-cv- 05062-EJD (N.D. Cal. 2019) and M&R attorneys served on the Steering Committee in *In Re: Apple Inc. Device Performance Litigation*, 18-md-2827 (N.D. Cal.). F&S has also served as lead counsel or co-lead counsel in multiple other class action lawsuits encompassing consumer and financial matters, including MDL proceedings, cooperatively working with a multitude of law firms across the country.

In these leadership positions, Proposed Interim Co-Lead Class Counsel have obtained meaningful recoveries for their clients. Their experience in other class cases will benefit the class and the prosecution of this case, as they can rely on the knowledge and expertise gained from leadership, management and prosecution of other consumer protection and data breach cases.

### a. Kantrowitz, Goldhamer, and Graifman, P.C.

Kantrowitz, Goldhamer & Graifman, P.C. ("KGG") has a nationwide class action practice and has litigated numerous cases involving complex business litigation, consumer class actions and securities class actions. The firm has litigated a number of cases resulting in reported decisions, including cases of first impression.

The attorneys at KGG are talented litigators, authors, lecturers, TV & radio hosts, the originators of the private law seminars and producers of videos for attorneys and non-practitioners alike. We are proud to represent a diverse clientele throughout the country. Our firm consists of attorneys who each focus their practice on a particular area of law, which allows us to offer a wide variety of practice areas while maintaining a high level of skill in each one. Melissa R. Emert and Gary S. Graifman are the Co-Chairs of the national Consumer Class Action Litigation Group at Kantrowitz, Goldhamer & Grafman, P.C.

Ms. Emert, a Kantrowitz Goldhamer & Graifman, P.C.  partner and co-chair of KGG's consumer class action practice, has been representing aggrieved consumers for more than 30 years. Ms. Emert's practice specializes in consumer class actions with an emphasis on data breach, privacy and product defect cases. Ms. Emert holds prominent positions in many large MDLs and non-MDL consumer class actions. As an endorsement of her expertise, substantial experience, and successful results, Ms. Emert was named as one of two women attorneys in the country who received the highest number of appointments to leadership structures in nationwide MDLs by the Judges overseeing those MDLs.[2]

Ms. Emert is currently prosecuting numerous data breach/privacy class actions as court appointed, either Co-Lead or an Executive Committee member. Ms. Emert was recently appointed Co-Lead Counsel in *In re: Conifer Data Security Breach Litigation*, 3:23-cv-744-E-BN (N.D. Tex.

---

[2] *See, "There Are New Faces Leading MDLs, And They Aren't All Men"* Law.com, July 7, 2020. https://www.law.com/2020/07/06/there-are-new-faces-leading-mdls-and-they-arent-allmen/?

2023) and has the following appointments as well: *In re: Illuminate Education Data Security Incident Litigation*, 8:22-cv-1164 (C.D. Cal. 2022)(Co-Lead Counsel); *In re: American Financial Resources, Inc. Data Breach Litigation*, 2:22-cv-02392 (D.N.J. June 10, 2022)(Interim Class Counsel); *In Re: Blackbaud, Inc., Customer Data Breach Litigation*, 3:20-mn-02972 (D. S.C. February 16, 2021)(Steering Committee Member); *Tate, et al., v. EyeMed Vision Care, LLC*, 1:21-cv-36 (S.D. OH March 22, 2021)(Executive Committee Member); *In re: Google Location History Litig*, 5:18-cv- 05062-EJD (N.D. Cal. 2019)(Interim Class Counsel).

Ms. Emert has also had leadership positions in the following data breach/privacy actions that have resulted in class wide settlements: *Cercas et al., v. Ambry Genetics Corp*., 8:20-cv-00791 (C.D. Cal. 2020)(Court appointed Executive Committee Member); *In re Morgan Stanley Data Sec. Litig*., 1:20-cv-05914 (S.D.N.Y. 2020)(Court appointed Executive Committee); *In re Wawa, Inc. Data Breach Litigation*, No. 19-cv-6019 (E.D. Pa. 2019)(Co-Chair of Plaintiff's Vetting Committee); *Echavarria, et al. v. Facebook, Inc*., 18-cv- 05982 (N.D. Cal. 2018)(Class Representative Communications and Client Vetting Committee); *In Re: Sonic Corp. Customer Data Sec. Breach Litig*., 1:17-md-02807 (N.D. Ohio 2017)(Plaintiff's Steering Committee).

In addition, Ms. Emert is currently litigating multiple biometric privacy class actions. Ms. Emert has also been appointed Co-Lead and other court appointed positions large, complex MDL and non-MDL class actions that have required the same focus and depth of litigation that the present action will require. *See, e.g.*, *Carder v. Graco Children's Prods., Inc. et al*., 2:20-cv-137-LMM (N.D. Ga.)(Co-Lead Counsel); *In re: Daily Fantasy Sports Litig.,* 1:16-md- 02677-GAO (D. Mass)(Co-Lead Counsel); *In re: Hill's Pet Nutrition, Inc. Dog Food Prods. Liab. Litig.*, 19-md-2887 (D. Kan.)(Plaintiffs' Executive Committee); *In re: Intel Corp. CPU Mktg. & Prods. Liab. Litig.,* 3:18-md-02828 (D. Or.)(Plaintiffs' Steering Committee); *In re: Apple Performance,* 5:18-md-02827 (N.D. Cal.)(Plaintiffs' Executive Committee); I*n  re:  German  Auto.  Mfrs. Antitrust Litig.*, 3:17-md-

02796 (N.D. Cal.)(Plaintiffs' Executive Committee). See KGG resume, attached to this filing as **Exhibit A**.

Mr. Graifman is a senior partner at KGG and co-chair of the firm's national Consumer Class Action Litigation Group. Mr. Graifman has litigated and successfully settled complex class actions involving consumer fraud and product defects over his decades of practice in the area of class action consumer law. He is admitted before the courts of the State of New York, the State of New Jersey, the United States District Courts for the Southern District of New York, the Eastern District of New York, the Northern District of New York, the District of New Jersey, and the United States Court of Appeals for the First Circuit, Second Circuit, Third Circuit and the Eighth Circuit. He is also a member of the Class Action Committee of the New Jersey State Bar Association.  Mr. Graifman is rated "AV-Preeminent" by Martindale Hubbell and has been nominated by Super Lawyers Magazine as a New Jersey Super Lawyer for 2010-2023. He has been a panelist and speaker on class action issues before various bar organizations including those sponsored by the Class Action Committee of the New Jersey State Bar Association and by the National Employment Lawyers Association, New York Chapter. Mr. Graifman is currently a member of the Plaintiffs Steering Committee in the Multi-District Litigation *In Re: Generac Solar Power Systems Marketing Sales Practices And Products Liability Litig.*, Case No. 23-md-3078 (E.D.Wisc.). A sampling of some of the consumer product defect cases Mr. Graifman has recently been involved in include: *In re Volkswagen Timing Chain Products Liability Class Action*, 16-cv-2765 (JLL)(D.N.J.)(Mr. Graifman and the Firm served as Co-Lead Counsel in this products liability class action which was settled on a nationwide basis on behalf of the owners and lessees of approximately 477,000 class vehicles. Final approval was granted to the Settlement on December 14, 2018. The Settlement provided one hundred percent reimbursement for timing chain repairs to class members and was valued at approximately $50 million (inclusive of warranty extension repairs)); O*liver, et al. v. Bayerische Motoren Werke*

*Aktiengesellschaft, et al.*, 2:17-cv-12979-CCC-MF (D.N.J.). Mr. Graifman and the Firm served as Co-Lead Counsel on this case which involved defective electric coolant pumps on various BMW model vehicles. The matter settled and Final Approval was granted on March 9, 2021. The class includes approximately 563,227 vehicles. The Settlement is valued at approximately $30 Million; *In re Home Depot Consumer Data Security Breach Litig.*, 1:14-MD-02583-TWT (N.D.Ga.). Mr. Graifman and the Firm served on the five member Plaintiffs' Steering Committee in this massive data breach consumer class action affecting approximately 50 million consumers which was settled on a nationwide basis in 2016. The settlement was valued at approximately $27 million; *In re Premera Blue Cross Customer Data Security Breach Litig.* 3:15-md-2633 (D. Ore). Mr. Graifman and the Firm were one of the counsel in the *Premera Blue Cross Customer Data Breach* Matter, having done substantial and essential work in the case, which was given Final Approval in early March 2020. The firm's client was the sole named plaintiff and representative for the putative California state subclass. The California subclass asserted a claim under the California Confidential Medical Information Act, Cal. Civ. Code §§ 56, *et seq.* which was sustained by Court on a motion to dismiss. The matter settled and final approval was granted on March 2, 2020. Under the terms of the settlement approved, the California subclass was entitled to additional compensation as a result of the California CMIA claim; *Coffeng, et al. v. Volkswagen Group of America, et al.*, 3:17-cvb—01825-JD (N.D. Cal.). Mr. Graifman and the Firm served as Co-Lead Counsel on this consumer class action involving defective water pumps in a multitude of Volkswagen and Audi model vehicles. Final Approval was granted to the settlement on May 14, 2020. The case encompassed a nationwide class of owners and lessees of approximately 873,779 class vehicles and was valued at approximately $22 million; *Chiarelli, et al. v. Nissan, N.A. and Duncan, et al. v. Nissan N.A.*, 14-CV-4327(NGG)(E.D.N.Y.) and 1:16-CV-12120-DJC (D. Mass.), these two companion cases involve multi-state claims concerning defective timing chains on various Nissan model vehicles and involve

claims in the states of Massachusetts, New York, Texas, Florida, North Carolina, Maryland, Colorado and Oregon. Final Approval was granted to the settlement on August 25, 2020 before Judge Denise Casper in the U.S. District Court for the District of Massachusetts. *See* KGG resume, attached to this filing as **Exhibit A**.

### b.  Migliaccio & Rathod LLP

The attorneys at Migliaccio & Rathod LLP ("M&R") have decades of experience in complex civil litigation and have successfully prosecuted a number of noteworthy consumer protection, data breach and privacy, civil rights, and wage theft cases. The firm's attorneys, located in Washington D.C. and San Francisco, focus primarily on class or collective actions and take all of their cases on a contingent basis. The attorneys at the firm have litigated cases leading to recoveries of hundreds of millions of dollars for consumers, workers, and other victims of corporate misconduct. M&R has a track record of investing the time, energy, and resources necessary to develop cases which implicate significant economic, societal, privacy, and health concerns.

M&R is qualified, experienced, and capable of prosecuting this litigation and has an extensive and robust array of experience prosecuting numerous noteworthy complex class actions. For example, Mr. Migliaccio served as a member of the trial team in *Stillman v. Staples*, Case No. 07-849 (D.N.J.) where the plaintiffs won a nearly $2.5 million verdict against Staples for unpaid overtime in a collective action after a six-week jury trial. Additionally, Mr. Rathod served as trial counsel in *Adeli v. Silverstar Automotive, Inc.*, Case No. 5:17-cv-05224 (W.D. Ark.) which resulted in a trial verdict of over $5.8 million, the vast majority of which was in punitive damages (judgment later reduced to over $500,000, inclusive of a rare double-digit ratio compared to compensatory damages, affirmed by the Eighth Circuit).

M&R is particularly experienced in data breach and privacy class actions. For example, M&R lawyers have been appointed or have served in a leadership capacity in a number of data

breach and privacy class actions. *See*, *e.g.*, *In Re LastPass Data Security Incident Litigation*, Case No. 1:22-cv-12047-PBS (D. Mass) (interim co-lead counsel); *Bickham et al. v. Reprosource Fertility Diagnostics, Inc.*, 1:21-CV-11879-GAO (D. Mass.) (serving as *de facto* interim co-lead counsel); *In re Practice Resources, LLC Data Security Breach Litigation*, Case No. 22-CV-0890 (N.D.N.Y.) (interim co-lead counsel), *In Re Netgain Technology, LLC, Consumer Data Breach Litigation*, Case No. 21-cv-1210 (SRN/LIB) (D. Minn.) (executive committee member), and *In Re Rutter's Inc. Data Security Breach Litigation*, Case No. 1:20-cv-382 (M.D. Pa.) (executive committee member).[3] Mr. Migliaccio and Mr. Rathod have led, or helped lead, the prosecution of cases resulting in nationwide settlements providing substantial monetary and non-monetary relief to the victims of data breaches. *See, e.g., McHenry v. Advent Health Partners, Inc*., Case No. 3:22-cv-00287 (M.D. Tenn.) (nationwide settlement in which M&R was class counsel along with one other firm); *Carmack v. Snap-On, Inc.,* Case No. 2:22-cv-00695-WED (W.D. Wisc.) (nationwide settlement in which M&R was sole class counsel). Additional information regarding M&R is detailed in the M&R firm résumé, attached hereto as **Exhibit B.**

### c.   Federman & Sherwood

Mr. Federman, founder and managing member of Federman & Sherwood ("F&S") has more than forty (40) years of diverse, hands-on, trial, and appellate experience in the areas of complex financial fraud litigation, commercial litigation, consumer litigation, data privacy litigation, and class action litigation. Mr. Federman has represented both plaintiffs and defendants in federal courts, state courts, and arbitration forums across the United States. Indeed, Mr. Federman has litigated hundreds of class action lawsuits demonstrating he has the skill, knowledge, and experience necessary to see

---

[3] In these cases and others, plaintiffs have received a number of recent, favorable rulings. *See, e.g., In re Netgain Tech., LLC*, Consumer Data Breach Litig., No. 21-cv-1210 (SRN/LIB), 2022 U.S. Dist. LEXIS 98342 (D. Minn. June 2, 2022); *Weisenberger v. Ameritas Mut. Holding Co*., No. 4:21-CV-3156, 2022 U.S. Dist. LEXIS 67990 (D. Neb. Apr. 7, 2022); *Leonard v. McMenamins, Inc.*, No. 2:22-cv-00094-BJR, 2022 U.S. Dist. LEXIS 159144, at *1 (W.D. Wash. Sep. 2, 2022).

this case through to its completion. *See* **Exhibit C.**

Mr. Federman recently served (or is currently serving) in leadership positions in similar data privacy cases, including: *In re Brinker Data Incident Litig.*, No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508, at *1 (M.D. Fla. Apr. 14, 2021), *vacated in part sub nom. Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023) (Co-Lead Class Counsel); *Perez v. Carvin Wilson Software LLC*, No. CV-23-00792-PHX-SMM (D. Ariz.) (Interim Co-Lead Class Counsel); *Bingaman, et al. v. Avem Health Partners, Inc.*, No. CIV-23-134-SLP (W.D. Okla.)(Interim Lead Class Counsel and Interim Liaison Class Counsel); *Okonski, et al. v. Progressive Casualty Insurance Company*, No. 1:23-cv-01548 (N.D. Ohio) (Interim Co-Lead Class Counsel); *In re: Bryan Cave Leighton Paisner, LLP Data Breach Litigation*, No. 1:23-cv-04249 (N.D. Ill.) (Interim Lead Class Counsel); *Sanders, et al., v. Ibex Global Solutions, Inc., et al.*, No. 1:22-cv-00591-TNM (D.D.C.) (Co-Lead Settlement Class Counsel); *Mackey v. Belden, Inc.*, No. 4:21-cv-00149-JAR (E.D. Mo.) (Co-Lead Settlement Class Counsel); *In re: Solara Medical Supplies Data Breach Litigation*, No. 3:19-cv-00284-H-KSC (S.D. Cal.)(Interim Co-Lead Class Counsel); *Mednax Services, Inc., Customer Data Security Breach Litigation*, No. 21-MD-02994-RAR, ECF No. 43 (S.D. Fla.) (Interim Co-Lead Class Counsel; Motion for Class Certification pending); *McFarlane et al. v. Altice USA, Inc.*, Case No. 20-cv-1297 (S.D.N.Y.) (Interim Lead Class Counsel); *M.S. and D.H. v. Med-Data, Inc.*, Case No. 4:22-cv-00187 (S.D. Tex.) (Interim Co-Lead Class Counsel; settlement pending); and *In re: Physician's Business Office Data Incident Litigation*, Case No. CC-54-2022-C-252 (Wood Cnty. Cir. Ct. of West Virginia) (Interim Co-Lead Class Counsel).

Federman & Sherwood has also served as lead counsel or co-lead counsel in multiple other class action lawsuits encompassing consumer and financial matters, including MDL proceedings, cooperatively working with a multitude of law firms across the country. A brief summary of additional cases Mr. Federman has had lead roles in include: *Aguirre, et al. v. Hello Products*, No.

1:19-cv-09577-SDA (S.D.N.Y.) (Lead Counsel); *Michael Ouelette v. Sony Corporation of America, Inc., Sony Electronics, Inc. and Sony Corp.*, Case No. 1:09-cv-1939 (S.D.N.Y.) (Lead Counsel); *In re: Samsung Top-Load Washing Machine Marketing, Sales Practices and Products Liability Litigation*, MDL No. 17-ml-2792-D (W.D. Okla.) (Co-Lead Counsel); *Loritz v. Exide Technologies, et al.*, No. 2:13-cv-02607-SVW-E (C.D. Cal.) (Lead Counsel); *Angley v. UTi Worldwide, Inc., et al.*, No. 2:14-cv-02066-CBM-E (C.D. Cal.) (Lead Counsel); *Perez, et al. v. Izea, Inc., et al.*, No. 2:18-cv-02784-SVW-GJS (C.D. Cal.) (Co-Lead Counsel); *Superconductor Technologies, Inc.*, No. CV-04-2680-DT-JTLX (consolidated with CV-04-2848-DT and CV-04-2927-DT)(C.D. Cal.) (lead counsel); and *Mulderrig, et al. v. Amyris, Inc.*, No. 19-cv-01765-YGR (N.D. Cal.) (Lead Counsel).

Not only does Federman & Sherwood possess the requisite skill, knowledge, and experience, it also has adequate financial resources to support the litigation. Due to its success as a prominent class action law firm, Federman & Sherwood has assisted in numerous cases funding litigation expenses in excess of $1 million. Federman & Sherwood has both the financial resources and the staff to assist in resolving this case and does not use or rely upon third-party funding sources. Additional information regarding Mr. Federman and Federman & Sherwood is detailed in the Federman & Sherwood firm résumé, attached hereto as **Exhibit C.**

### 3. Proposed Interim Class Counsel Have Committed, and Will Continue to Commit, the Resources Necessary to Fairly and Adequately Represent the Class

Proposed Co-Leads have the resources and experience to litigate complex cases of this magnitude and, as history has demonstrated, is committed to expending the time, energy and financial resources necessary to lead this litigation in the best interests of the class. Proposed Co-Leads have a sufficient number of attorneys to staff this case, and have successfully managed complex, resource-intensive cases in the past. In successfully prosecuting class actions, Proposed Co-Leads routinely advance the costs of litigation and have demonstrated an ability and willingness

to dedicate their substantial resources to vigorously prosecute the claims of proposed class members. As reflected by the time and funds they have already committed to this case, Proposed Co-Leads are prepared to continue to commit the resources necessary to effectively and vigorously prosecute this case to a successful conclusion.

### C.    Other Factors Support Designating Proposed Interim Class Counsel

Rule 23(g)(1)(B) provides that the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Proposed Co-Leads have advanced the litigation since it was filed by continuing to investigate the claims alleged and thereby developing a significant understanding of the industry, and the Defendants' practices, for the benefit of the class. Proposed Co-Leads have further demonstrated their commitment to the case and the relief of class members by participating in multiple full-day mediations with Defendants— the most recent of which was held on November 17, 2023.

### V.  CONCLUSION

For the forgoing reasons, Plaintiffs respectfully submit that the Court should consolidate the Gordon Action and Salinas Action. Plaintiffs further respectfully request that the Court appoint as Interim Co-Lead Class Counsel Kantrowitz, Goldhamer & Graifman, P.C., Migliaccio & Rathod LLP and Federman & Sherwood —as set forth in the concurrently filed [Proposed] Order.

DATED:        December 21, 2023                Respectfully submitted,

**KANTROWITZ GOLDHAMER AND GRAIFMAN, P.C.**

*/s/ Gary Graifman*
Gary Graifman, *admitted pro hac vice*
Melissa Emert, *admitted pro hac vice*
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Tel: (845) 356-2570
ggraifman@kgglaw.com
memert@kgglaw.com

**MIGLIACCIO & RATHOD LLP**

/*s/ Nicholas Migliaccio*
Nicholas Migliaccio, *admitted pro hac vice*
Jason Rathod, *pro hac vice forthcoming*
412 H St NE #302
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
*Attorneys for Plaintiffs Salinas and Washington*

**FEDERMAN & SHERWOOD**
William B. Federman, *admitted pro hac vice*
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
wbf@federmanlaw.com

*Attorneys for Plaintiff Gordon*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 21, 2023, I electronically filed the foregoing document and [Proposed] Order Consolidating Pretrial Class Actions and Appointing Interim Co-Lead Class Counsel with the Northern District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system: Defendants Block, Inc. and Cash App Investing, Inc.

I further certify that on December 21, 2023, I served a copy of the foregoing document and Consolidating Pretrial Class Actions and Appointing Interim Co-Lead Class Counsel on the following parties or their counsel of record by electronic mail: Defendants Block, Inc. and Cash App Investing, Inc.

I declare, under penalty of perjury under the laws of California, that the foregoing is true and correct.


*/s/ Nicholas Migliaccio*
Nicholas Migliaccio

*Counsel for Plaintiffs*

MOTION TO CONSOLIDATE PRETRIAL
CLASS ACTIONS AND APPOINT INTERIM
CO-LEAD CLASS COUNSEL