# EXHIBIT 1
## to Emert Decl.- Settlement Agreement

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

**I.      Introduction**

A.      This Settlement Agreement ("**Agreement**" or "**Settlement Agreement**") is hereby entered into by and among Plaintiffs Michelle Salinas, Raymel Washington, and Amanda Gordon ("**Plaintiffs**" or "**Named Plaintiffs**") individually and on behalf of the Settlement Class Members and Defendants Block, Inc. ("**Block**") and Cash App Investing LLC ("**Cash App Investing**") (collectively, "**Defendants**"), (together, "**the Parties**"), in the matter *Salinas, et al. v. Block Inc., et al.*, Case No. 22-cv-4823 (N.D. Cal.).

B.      This Agreement is intended by the Parties to fully, finally, and forever settle, compromise, and discharge the Released Claims (as defined below), subject to the terms of this Agreement, and subject to preliminary and final approval of the Court.

**II.     Terms of Settlement**

A.      Definitions

1.      "**Action**" means the civil action *Salinas, et al. v. Block Inc., et al.*, Case No. 22-cv-4823, filed in the U.S. District Court for the Northern District of California on August 23, 2022, and *Gordon v. Block, Inc., et al.*, Case No. 3:22-cv-6787, filed in the U.S. District Court for the Northern District of California on November 2, 2022 by Plaintiff Gordon, which is pending consolidation into *Salinas, et al. v. Block Inc., et al.*

2.      "**Agreement**" or "**Settlement Agreement**" means this Class Action Settlement Agreement and Release, including any exhibits.

3.      "**Approved Claim**" means a timely submitted Claim Form that has been approved by the Settlement Administrator.

4.      "**Cash App**" means the mobile phone application run by Block that provides an ecosystem of financial products and services that help individuals store, receive, spend, save and invest their money.

5.      "**Cash App's Counsel**" means Aravind Swaminathan and Michelle Visser of Orrick, Herrington & Sutcliffe LLP.

6.      **"Claim Form" or "Claim"** means, collectively, the form Settlement Class Members must submit to be eligible for reimbursement of Out-of-Pocket Losses, Lost Time, and/or Transaction Losses, which is attached hereto as **Exhibit C**.

7.      "**Class Counsel**" means:

1

David A. Goodwin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street NE
Washington, DC 20002

Gary S. Graifman
Melissa R. Emert
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
135 Chestnut Ridge Road, Suite 200
Montvale, New Jersey 07645

Scott. D Hirsch
**SCOTT HIRSCH LAW GROUP**
6810 N. State Road 7
Coconut Creek, FL 33073

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120

8.   "**Class Representatives**" means Michelle Salinas, Raymel Washington, and Amanda Gordon.

9.   "**Court**" means the United States District Court for the Northern District of California.

10.   "**Data Security Incident**" or "**Data Security Incidents**" means the unauthorized access to certain reports of Cash App Investing by a former employee of Cash App Investing, disclosed by Cash App Investing in April 2022 and/or the unauthorized access to certain Cash App accounts using recycled phone numbers that were linked to the accounts disclosed by Block in September 2023.

11.   "**Transaction Loss(es)**" means:

    a.   The Settlement Class Member experienced an Unauthorized Account Event;

b.   The Unauthorized Account Event resulted in a monetary loss that has not yet been reimbursed;

c.   The Unauthorized Account Event that caused the monetary loss occurred during the period of four (4) years prior to the filing of the Salinas Complaint (which was filed on August 23, 2022) through the Notice Date; and

d.   The Settlement Class Member has done or does at least one of the following (all three (3) are not required):

(i)   notified Defendants of the Unauthorized Account Event during the period of four (4) years prior to the filing of the Salinas Complaint (which was filed on August 23, 2022) through the Notice Date; **or**

(ii)   filed a police report concerning the Unauthorized Account Event during the period of four (4) years prior to the filing of the Salinas Complaint (which was filed on August 23, 2022) through the Notice Date; **or**

(iii)   provides documentation that the Settlement Administrator, in its sole discretion, determines is sufficient to demonstrate the occurrence of an Unauthorized Account Event during the period of four (4) years prior to the filing of the Salinas Complaint (which was filed on August 23, 2022) through the Notice Date, which caused the monetary loss claimed.

12.   "**Fee Award and Costs**" means the amount of attorneys' fees and reimbursement of litigation costs and expenses awarded by the Court to Class Counsel.

13.   "**Lost Time**" means time spent in response to a Data Security Incident or an Unauthorized Account Event or a deficiency in error resolution in connection with a Cash App or Cash App Investing account.

14.   "**Net Settlement Fund**" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Notice and Administrative Expenses; (ii) Taxes and Tax-Related Expenses; (iii) Service Award Payments approved by the Court; and (iv) Fee Award and Costs.

15.   "**Notice Date**" is the date Class Notice will be sent via email to all Settlement Class Members for whom email addresses are available to the Settlement Administrator, which shall occur within forty-five (45) days of

entry of an Order granting Preliminary Approval of the Settlement.

16.  "**Objection Deadline**" is the last day on which a Settlement Class Member may file an objection to the Settlement, which will be thirty-five (35) days after the Notice Date.

17.  "**Opt-Out Deadline**" is the last day on which a Settlement Class Member may file a request to be excluded from the Settlement Class, which will be thirty-five (35) days after the Notice Date.

18.  "**Out-of-Pocket Losses**" means documented out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are fairly traceable to a Data Security Incident, an Unauthorized Account Event, or a deficiency in error resolution in connection with a Cash App or Cash App Investing account that occurred during the period of four (4) years prior to the filing of the Salinas Complaint (which was filed on August 23, 2022) through the Notice Date, and that have not already been reimbursed by Block, Cash App Investing, or a third party.  Out-of-Pocket Losses may include, without limitation, the following:

    a.    costs associated with credit monitoring or identity theft insurance purchased directly by the Settlement Class Member;

    b.    costs associated with requesting a credit report;

    c.    costs associated with a credit freeze;

    d.    costs associated with canceling a payment card and/or obtaining a replacement payment card;

    e.    costs associated with closing a bank account and/or opening a new bank account;

    f.    postage fees;

    g.    long-distance phone charges;

    h.    express mail;

    i.    other incidental expenses;

    j.    unrefunded overdraft and/or overdraft protection fees; and

    k.    unrefunded late and/or missed payment fees and/or charges.

DocuSign Envelope ID: FCF71564-5D81-4F0B-A1E2-D33C692DD551

19.     "**Personal Information**" means information that identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular Cash App or Cash App Investing user.

20.     "**Released Claims**" means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them ("**Claims**"), arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the security of, access to, or transfers of information or funds to or from Block or Cash App Investing systems or a Cash App or Cash App Investing account, or otherwise, including all Claims (1) that were alleged or asserted against any of the Released Parties in the Consolidated Class Action Complaint, filed in the Action, on February 9, 2024; (2) that arise out of the same nucleus of operative facts as any of the claims alleged or asserted in that complaint; or (3) that arise out of or relate to (i) the Data Security Incident, (ii) any alleged unauthorized access to, unauthorized, unintended,  or fraudulent withdrawals or transfers to or from, or alleged deficiency in error resolution in connection with a Cash App or Cash App Investing account or any linked financial account, such as linked bank accounts, savings accounts, checking accounts, credit cards, investment accounts, or (iii) any Released Party's response to, investigation of, or resolution of a report related thereto, including but not limited to any claims under the California Consumer Privacy Act ("CCPA"), California Privacy Rights Act ("CPRA"), California Consumer Records Act ("CRA"), California Consumer Legal Remedies Act ("CLRA"), Electronic Fund Transfer Act ("EFTA") and its implementing regulations, Federal Trade Commission Act ("FTC Act"), or any other state data security or consumer protection statute such as California's Unfair Competition Law ("UCL") and False Advertising Law ("FAL") or any other federal or state law relating to unfair, deceptive, and/or abusive acts or practices, provided such Released Claims are limited to a period of four (4) years prior to the filing of the Salinas Complaint (which was filed on August 23, 2022) through the Notice Date.

21.     "**Released Parties**" means Block and Cash App Investing and their past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions,

5

officers, directors, shareholders, members, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees.

22. "**Releasing Parties**" means Plaintiffs and other Settlement Class Members and their respective past, present, and future heirs, beneficiaries, conservators, executors, estates, administrators, assigns, agents, accountants, financial and other advisors, and any other representatives of any of these persons and entities.

23. "**Service Award Payment**" means compensation awarded by the Court and paid to the Class Representatives in recognition of their role in this litigation.

24. "**Unauthorized Account Event**" means any event where there was unauthorized access to, or unauthorized or fraudulent withdrawals or transfers to or from, a Settlement Class Member's Cash App or Cash App Investing account or any linked financial account during the period of four (4) years prior to the filing of the Salinas Complaint (which was filed on August 23, 2022) through the Notice Date.

B.   <u>Certification of Class Action for Settlement Purposes Only</u>.  The Parties agree, for settlement purposes only, to stipulate to the certification of a "**Settlement Class,**" each member of which is a "**Settlement Class Member**," defined as follows:

> All persons who are current or former customers of Defendants or any of Defendants' affiliates, parents, or subsidiaries and who had their Personal Information, Cash App account, or Cash App Investing account accessed or obtained without their authorization or who otherwise had unauthorized, unintended, or fraudulent withdrawals or transfers to or from, or alleged error in connection with, a Cash App or Cash App Investing account or any linked financial account in the period of four (4) years prior to the filing of the Salinas Complaint (which was filed on August 23, 2022) through the Notice Date.

Excluded from the Settlement Class are (i) any judge or magistrate judge presiding over this Action, members of their staff, and members of their immediate families; (ii) the Released Parties; (iii) persons who properly execute and file a timely request for exclusion from the Settlement Class; (iv) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (v) counsel for Defendants; and (vi) the legal representatives, successors, and assigns of any such excluded persons.

DocuSign Envelope ID: FCF71564-5D81-4F0B-A4E2-D33C682DD551

In the event that, for any reason, the Court does not issue a Final Approval Order that approves of this Settlement Agreement, then such stipulated class certification shall become null and void and the Parties shall not be affected in any way by such prior stipulation or any preliminary certification if the Court enters the Preliminary Approval Order. The Parties agree that such Order is not in any respect an adjudication of any fact or issue for any purpose other than the effectuation of this Agreement; (ii) such Order may not be considered as law of the case or res judicata or have collateral estoppel effect in this or any other proceeding other than for purposes of effectuating this Agreement; and (iii) they will make no assertion in any court or proceeding inconsistent with clauses (i) and (ii) of this Section. Defendants thus do not waive, and instead expressly reserve, the right to challenge the propriety of class certification for any purpose in the event that the Court does not issue a Final Approval Order that approves this Settlement Agreement.

C.    <u>No Admission of Liability</u>. Defendants do not admit any liability or wrongdoing of any kind associated with the allegations or claims asserted in the Action. Nothing in this Settlement Agreement or any action that Defendants take under it or any related communications or negotiations concerning the Settlement Agreement shall be deemed or construed as an admission of liability or wrongdoing of any kind on the part of Defendants with respect to any allegations or claims, nor does it constitute an admission that any putative class meets the requirements for class certification. It is specifically understood and agreed that the benefits provided in this Settlement Agreement are being paid or provided in full and final settlement of all claims and that such payment and the providing of sufficient benefits does not constitute and shall not be construed as any admission or evidence of fault or liability on the part of Defendants and shall not be admissible in any proceeding as evidence of fault, liability, or wrongdoing. Defendants have asserted defenses they believe to be meritorious and expressly have denied and continue to deny that they were at fault and further deny that they are liable to Plaintiffs or the Settlement Class for any amounts.

D.    <u>Effective Date</u>. The settlement in this Settlement Agreement is conditioned upon the occurrence of each of the following events: (i) the Parties and counsel for the Parties executing the Settlement Agreement; (ii) the Court granting preliminary approval to the Settlement Agreement as provided herein; (iii) the Court entering a Final Approval Order granting final approval of the Settlement Agreement without any material modification or condition; and (iv) dismissal of this Action with prejudice. Assuming each of these events has occurred, the effective date of the Settlement Agreement ("**Effective Date**") shall be the later of either the expiration of the time for filing an appeal of the Final Approval Order, or if a timely appeal is made, the date of the final resolution of that appeal and any subsequent appeals resulting in final approval of the Settlement Agreement without any material modification or condition.

E.      <u>Agreed Monetary Relief</u>.

1.      **Establishment of Settlement Fund.**  Within thirty (30) days of the Effective Date of this Agreement, Defendants shall deposit the sum of Fifteen Million Dollars ($15,000,000.00), less any Administrative Notice Costs already paid to the Settlement Administrator, into an account established and administered by the Settlement Administrator.

2.      **Use of the Settlement Fund.** As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for the following (in the following order): (i) Notice and Administrative Expenses; (ii) Taxes and Tax-Related Expenses; (iii) Fee Award and Costs approved by the Court; (iv) Service Award Payments approved by the Court; (v) Approved Claims. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement or approved by the Court.

3.      **Taxes and Representations.** Taxes and Tax-Related Expenses relating to the Settlement Fund shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties, their counsel, and their insurers and reinsurers for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

4.      **Distribution of the Settlement Fund.**

a.      **Reimbursement for Out-of-Pocket Losses.** All Settlement Class Members may submit a claim for up to $2,500.00 for reimbursement of Out-of-Pocket Losses. To receive reimbursement for Out-of-Pocket Losses, Settlement Class Members must submit a valid Claim Form that includes the following: (i) third-party documentation supporting the loss; and (ii) a brief description of the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Third-party documentation can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. Self-

8

prepared documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. A claim for reimbursement for Out-of-Pocket Losses may be combined with a claim for Lost Time and Transaction Loss.

b.    **Assessing Claims for Out-of-Pocket Losses**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Out-of-Pocket Losses reflects valid Out-of-Pocket Losses actually incurred. The Settlement Administrator is authorized to contact any Settlement Class Member (through the information provided on the Settlement Class Member's Claim Form) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

c.    **Reimbursement for Lost Time.** All Settlement Class Members may submit a claim for reimbursement of Lost Time up to three (3) hours at a rate of $25.00 per hour. A claim for Lost Time may be combined with a claim for reimbursement for Out-of-Pocket Losses and Transaction Losses.

d.    **Assessing Claims for Lost Time.** The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met in order to award payments of Lost Time. The Settlement Administrator is authorized to contact any Settlement Class Member (through the information provided on the Settlement Class Member's Claim Form) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

e.    **Transaction Losses.** All Settlement Class Members may submit a claim for reimbursement for Transaction Losses.

(i)    To receive reimbursement for a Transaction Loss, a Settlement Class Member must:

(a)    Submit a valid Claim Form that attests that the Settlement Class Member experienced an Unauthorized Account Event (as defined in Paragraph II.A.24); and

(b)    Provides at least **one** of the following three (3) items (all three (3) items are not required):

(1)    a copy of the notification the Settlement Class Member transmitted to Defendants

9

during the period of four (4) years prior to the filing of the Salinas Complaint (which was filed on August 23, 2022) through the Notice Date, notifying Defendants of the Unauthorized Account Event which verifies the account number and the amount of the loss; **or**

(2)     a copy of the police report concerning the Unauthorized Account Event which verifies the amount of the loss and was made during the period of four (4) years prior to the filing of the Salinas Complaint (which was filed on August 23, 2022) through the Notice Date; **or**

(3)     Documentation that the Settlement Administrator, in its sole discretion, determines suffices to demonstrate the occurrence of an Unauthorized Account Event during the period of four (4) years prior to the filing of the Salinas Complaint (which was filed on August 23, 2022) through the Notice Date, which caused the monetary loss claimed.

(ii)     A claim for reimbursement for Transaction Losses may be combined with a claim for Lost Time and Out-of-Pocket Losses.

5.     **Disputes.** To the extent it is determined by the Settlement Administrator that a claim for Out-of-Pocket Losses, Transaction Losses, or Lost Time is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member in writing of the deficiencies and give the Settlement Class Member twenty-one (21) days to cure the deficiencies from the date the written notice is sent. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within ten (10) days of the determination. The Class Member shall have one additional fourteen (14) day period to finally cure the deficiency.  If the Class Member still fails to cure the deficiency, the Class Member will be notified in writing that the claim is denied. The Settlement Administrator may consult with Class Counsel and Cash App's Counsel in making such determinations. However, any such consultation shall be made with both Class Counsel and

Cash App's Counsel.

6.   **Pro Rata Reduction.**  In the event that the Net Settlement Fund is not sufficient to make payment for all Approved Claims at the full amounts otherwise approved, then the value of the payments for Approved Claims shall be reduced on a pro rata basis, such that the aggregate value of all payments for Approved Claims does not exceed the Net Settlement Fund.

7.   **Pro Rata Distribution.**  In the event that the aggregate value of all Approved Claims is less than the Net Settlement Fund, each Settlement Class Member that submitted an Approved Claim shall receive a proportional share of the amount of the Net Settlement Fund that exceeds the aggregate value of all Approved Claims based on the percentage of the Settlement Class Member's Approved Claim as compared to the aggregate value of all Approved Claims.

F.   <u>Agreed Security Measures</u>.  Defendants represent that they have implemented the following securing measures:

1.   **Vulnerability Management.**  Defendants maintain a program to recognize, understand, and mitigate the security risks associated with known vulnerabilities. This program includes operational and business metrics to monitor overall program health and analytics to facilitate trend identification.

2.   **Infrastructure/Application Testing.** Defendants maintain a multifaceted security program to test their systems and software, including:

   a.   Training to prevent common coding vulnerabilities in software development processes by training developers annually in secure coding techniques and developing applications based on secure coding guidelines;

   b.   Security team dedicated to Cash App and Cash App Investing software and infrastructure;

   c.   Internal network vulnerability scans of Cash App's cloud environment on a daily basis to identify and remediate vulnerabilities according to their vulnerability management process;

   d.   PCI Approved Scanning Vendor (PCI ASV) to perform external vulnerability scans of Cash App's PCI DSS environment on a weekly basis to remediate vulnerabilities identified according to the vulnerability management process;

11

e. Annual independent third-party penetration testing of Cash App's PCI DSS environment; and

f. A public bug bounty program.

3. **Threat Intelligence.** Defendants maintain a threat intelligence team responsible for developing pre-breach/preventative intelligence on threats and vulnerabilities.

4. **Third Party Attestation.** Defendants annually conduct:

a. Independent third-party SOC 2 Type II examination, regarding design and operating effectiveness of controls relevant to the Security, Availability, Processing Integrity, and Confidentiality trust service criteria;

b. Independent annual PCI DSS assessment covering data security requirements for protecting cardholder data processed, stored, or transmitted.

G. <u>Confirmatory Discovery.</u> Defendants have provided Class Counsel with substantial discovery in connection with settlement discussions. Within twenty-one (21) days of the Preliminary Approval Order, Defendants will provide certain additional confidential confirmatory discovery to Class Counsel.

H. <u>Class Counsel Fee Award and Costs and the Named Plaintiffs' Service Award Payments.</u>

1. Within forty (40) days of the entry of the Preliminary Approval Order, Class Counsel will submit an application for Fee Award and Costs in an amount up to twenty-five percent (25.00%) of the total value of the Settlement. The Court's approval of Class Counsel Fees in an amount less than the applied-for amount will not have any effect on the remainder of this Agreement or on the entry of final judgment or on the occurrence of the Effective Date, nor will such result be grounds for termination of the Agreement.

2. In recognition of their time and effort spent serving as Class Representatives, Class Counsel shall submit an application for approval of Named Plaintiffs' Service Award Payments in the amount of $2,500.00 or as approved by the Court.

3. Other than any such liability Defendants may incur under this Agreement, Defendants shall have no liability to any Settlement Class Member, to Class Counsel, or to any other attorney for any Settlement Class Member for any attorney's fees, costs, or expenses incurred by any of them in connection

with the Action, the Data Security Incidents, or any other claims released as a result of the Settlement. The Class Representatives agree to hold Defendants harmless from any claim that the term "Class Counsel" as defined in this Agreement fails to include any person or firm who claims to be entitled to a share of any attorneys' fees awarded to Class Counsel in connection with the Action.

I.   <u>Settlement Administration</u>. The Parties will engage a Settlement Administrator acceptable to the parties prior to filing of the Preliminary Approval Motion to oversee the sending of the Class Notice and making of the payments required under this Settlement Agreement. The Settlement Administrator cost estimates for Administrative Costs will be provided prior to the time of acceptance of said administrator. Defendants shall pay the estimated Administrative Notice Costs directly to the Settlement Administrator. Any amounts paid to the Settlement Administrator prior to creation of the Settlement Fund shall be subtracted from the amount to be deposited by Defendants in the Settlement Fund such that Defendants' total liability hereunder does not exceed Fifteen Million Dollars ($15,000,000.00).

The Settlement Administrator will administer the settlement, including (i) not later than ten (10) calendar days after the filing of this Settlement Agreement with the Court, , on Defendants' behalf, serving or causing to be served notice of the proposed Settlement upon the appropriate federal and state officials, as provided by the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.*; (ii) providing notification of the proposed settlement as per this Agreement to the Settlement Class Members; (iii) creating and hosting a website, publicly accessible from the Notice Date until at least six months after the Effective Date, dedicated to providing information related to the Action, including access to relevant publicly available court documents, the settlement and this Settlement Agreement, the long-form notice of the settlement, and providing Settlement Class Members with the ability to submit claims and supporting documentation for compensatory relief; (iv) maintaining a toll-free telephone number with live operators for a period to be determined by the Claims Administrator in consultation with Plaintiffs' counsel and a P.O. Box by which Settlement Class Members can seek additional information regarding this Settlement Agreement; (v) processing claims and supporting documentation submissions and providing approved payments to Settlement Class Members; (vi) processing requests for exclusion from Settlement Class Members; (vii) reporting on a weekly basis to Class Counsel and to Defendants' Counsel the information pertaining to Class Notices sent, claims received, claims paid, claims approved and claims denied; and (viii) any other provision of this Settlement Agreement that relates to the settlement and claims administration.

Internal Appeal Process/Attorney Review. With respect to any Settlement Class Member whose claim has been denied, such Settlement Class Member shall have the right to an internal appeal process ("Attorney Review") as follows: Such Class

13

Member shall be notified that they have the right to an Attorney Review of the denied claim if they send a request in writing for such attorney review within twenty (20) days of being notified of the denial in writing. Class Counsel and Defendants' Counsel shall review any claims from which such internal appeal has been taken and shall meet and confer to determine with regard to each appealed claim if such claim should be approved.  If Class Counsel and Defendants' Counsel do not agree, the decision of the Settlement Administrator shall stand.

J.   <u>Distribution to Settlement Class Members</u>.

1.   **Payment Timing.** Payments for Approved Claims for reimbursement for Out-of-Pocket Losses, Lost Time, and/or Transaction Losses shall be issued in the form of a check or electronic payment as soon as practicable after the allocation and distribution of funds are determined by the Settlement Administrator following the Effective Date.

2.   **Timing.** Checks sent via mail shall bear in the legend that they expire if not cashed within ninety (90) days of their date of issue.

3.   **Returned Payment.** For any check or electronic payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address or when an email bounces back), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the check or payment is returned to the Settlement Administrator as undeliverable. Any replacement checks issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

4.   **Uncashed Checks or Electronic Payments.** To the extent that a check or electronic payment is not cashed or otherwise redeemed within ninety (90) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Settlement Class Member by e-mail and/or telephone using contact information provided in the Claim Form to discuss how to obtain a reissued check or reissued electronic payment; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissue a check or electronic payment or mail the Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued check or electronic payment. Any reissued checks or electronic payments issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date

14

of their issuance and may thereafter automatically be canceled if not cashed or otherwise redeemed by the Settlement Class Members within that time.

5. **Deceased Class Members.** If the Settlement Administrator is notified that a Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue payment to the Settlement Class Member's estate upon receiving proof the Settlement Class Member is deceased and after consultation with Class Counsel and Cash App's Counsel.

K. <u>Release</u>. Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims, including but not limited to any state law or common law claims that the Releasing Parties may have or had, such as under California's Customer Records Act, California Civil Code section 1798.80, et seq. and/or California's Consumer Privacy Act, California Civil Code section 1798.100, et seq. Each Party expressly waives all rights under California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties also waive the provisions and rights of any law(s) that are comparable in effect to California Civil Code section 1542. The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

L. <u>Notice of Settlement</u>. The Parties agree to the following procedures for notifying the Settlement Class Members.

1. <u>Identification of Settlement Class Members</u>. Within ten (10) days of entry of an Order from the Court granting Preliminary Approval of the Settlement, Defendants will provide to the Settlement Administrator a list of all individuals (including their phone numbers and/or email addresses if known following a reasonable search) identified by Defendants who may be a member of the Settlement Class. This list will include all identified

current and former Cash App and Cash App Investing users unless Defendants have expressly concluded that the user could not be a member of the Settlement Class.

Such documentation or information may not be disclosed by the Settlement Administrator to anyone outside its organization. The Parties agree that Class Counsel will not have access to such documents or information disclosed by Defendants to the Settlement Administrator. Phone numbers provided by Defendants shall not be used to communicate with potential members of the Settlement Class by text or otherwise.

2.    <u>Class Notice</u>. The court-approved Notice of Proposed Class Action Settlement ("**Class Notice**") shall be in substantially the form attached hereto as **<u>Exhibit A</u>**, a long form notice shall be available to the Class Members in substantially the form attached hereto as **<u>Exhibit B</u>**, and a Claim Form shall be in substantially the form attached hereto as **<u>Exhibit C</u>**. Any changes to the Class Notice that do not materially affect the substance of the Settlement Agreement that the Court may require will not invalidate this Settlement Agreement.

Class Notice shall be sent via email to all Settlement Class Members for whom email addresses are available to the Settlement Administrator within forty-five (45) days of entry of an Order granting Preliminary Approval of the Settlement (the "**Notice Date**"). A reminder notice will be issued to all Settlement Class Members who have not submitted a claim ten (10) days prior to the conclusion of the claims period.

Class Notice will also be disseminated through targeted social media advertising and through public press release(s).

3.    <u>Claim Forms</u>. Claim Forms shall be submitted online or by mailing to the Settlement Administrator. The deadline for submitting a valid Claim Form shall be forty-five (45) days from the Notice Date. Valid Claim Forms must include the claimant's current mailing address, valid email address, and claimant's unique $Cashtag identifier or the Settlement Administrator's unique claim ID for the claimant. The Settlement Administrator shall be initially responsible for determining if a claim is valid.

M.    <u>Objection Procedures</u>. The Class Notice shall inform Settlement Class Members of the right to object to the Settlement Agreement. If a Settlement Class Member wishes to have the Court consider an objection to the Settlement Agreement, such person (i) must not have excluded himself from the Settlement and (ii) must file with the Court and mail to Class Counsel and Defendants' Counsel a written statement stating the reasons for the objection to the Settlement, along with any

16

DocuSign Envelope ID: FCF71564-5D91-4F0B-A4E3-D33C683DD551

supporting documentation that the person wishes the Court to consider, by no later than thirty-five (35) days after the Notice Date (the "**Objection/Opt-Out Deadline**"). If such Objection is submitted and overruled by the Court, the objecting member of the Settlement Class shall remain fully bound by the terms of the Settlement Agreement and the Final Approval Order. The Parties shall submit any responses to Objections no later than seven (7) days prior to the Final Approval Hearing. Any Settlement Class Member who does not appear individually or through counsel and who does not challenge or comment upon the fairness and adequacy of the Settlement Agreement or Class Counsel's request for Class Counsel Fees shall waive and forfeit any and all rights to appear separately or object. All Settlement Class Members shall be bound by the Settlement and by all orders and judgments in this Action.

N.    <u>Opt-Out Procedures</u>. The Class Notice shall also provide that Settlement Class Members who wish to exclude themselves (i.e., opt out) from the Settlement Class must mail a letter to the Settlement Administrator on or before the Objection/Opt-Out Deadline requesting exclusion from the Settlement Class. An opt-out request must: (i) be in writing; (ii) provide the Settlement Class Member's name, address, and the phone number and $Cashtag associated with the Settlement Class Member's Cash App or Cash App Investing Account; (iii) contain the following statement: "I request that I be excluded from the Settlement Class in the case of *Salinas, et al. v. Block Inc., et al.*"; (iv) be individually signed; and (v) be mailed to the Settlement Administrator at the address provided in the Class Notice with a postmark on or before the deadline set forth in the Class Notice. Each individual who properly files a timely written opt-out request shall be excluded from the Settlement Class and shall have no rights under the Settlement Agreement. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Opt-Out Deadline shall be bound by all terms of the Settlement and any final judgment entered in this Action if the Settlement is approved by the Court, regardless of whether they have objected to the settlement. An opt-out request shall be deemed timely if it is postmarked no later than thirty-five (35) days after the Notice Date.

O.    <u>Settlement Administrator Reports</u>. After the Notice Date, the Settlement Administrator shall provide a weekly report to Class Counsel and to Defendants' Counsel, setting forth information pertaining to Class Notices sent, claims received, claims paid, claims approved, and claims denied. Within ten (10) days of the Objection/Opt-Out Deadline, the Settlement Administrator shall provide jointly to Class Counsel and Defendants' Counsel a report listing the timely written Opt-Out requests and copies of same.

Within forty-five (45) days of the Notice Date, the Settlement Administrator shall provide Class Counsel and Defendants' Counsel a report listing preliminary information, which shall be subject to audit, validity, and review of duplicate

submissions, regarding: (i) the total number of Claim Forms that were valid and timely submitted; and (ii) the calculated claimant award amount for each Settlement Class Member that submitted a valid Claim Form.

Within thirty (30) days of the Effective Date, the Settlement Administrator shall issue a Final Report listing the audited, verified, and deduplicated information regarding: (i) the total number of Claim Forms that were valid and timely submitted; and (ii) the calculated claimant award amount for each Settlement Class Member that submitted a valid Claim Form.

P.     <u>Review and Assistance</u>. Class Counsel and Defendants will be permitted to audit and review actual (or summary reports on) claims made, claims approved or denied, distributions issued, calculations of benefits under the settlement, and returned distributions and uncashed distributions in order to assist with the effectuation of the settlement and the Parties' respective desire to reasonably ensure that the settlement benefits are administered in a manner to attempt to reach every Settlement Class Member.

Q.     <u>Preliminary Approval</u>.  Within thirty (30) days of execution of the Settlement Agreement, Class Counsel shall promptly prepare and file with the Court a Motion for Preliminary Approval and determination by the Court as to the fairness, adequacy, and reasonableness of this Settlement Agreement.  The Motion for Preliminary Approval shall request entry of a preliminary order that: (i) certifies the Settlement Class; (ii) approves the Class Notice and Claim Form as to form and content and directs that such Class Notice and Claim Form be provided to Settlement Class Members; (iii) preliminarily approves the Settlement Agreement; and (iv) approves the selected Settlement Administrator.

R.     <u>Final Approval and Entry of Final Judgment</u>.  On or before forty-five (45) days after the Notice Date, the Parties will jointly request that the Court grant final approval and enter judgment approving the Settlement Agreement as fair, adequate, reasonable, and binding on all Settlement Class Members; ordering that the settlement payments be made to the Settlement Class Members; ordering that Class Counsel Fees, the Administrative Costs, and the Named Plaintiffs Service Payment be paid in the amounts approved by the Court; dismissing the Action with prejudice; and barring Settlement Class Members from bringing Released Claims.

S.     <u>Termination</u>.

1.     The Settlement Agreement may be terminated and canceled at the sole and exclusive discretion of Defendants if more than an agreed number of Settlement Class Members timely and validly exclude themselves from the Settlement Class.  That number has been separately agreed to by the Parties and will be submitted to the Court for *in camera* review if requested.  If

Defendants elect to terminate under this provision, they must provide written notice to the Class Counsel and to the Court no later than seven (7) days after the deadline for the Settlement Administrator to provide the report of timely opt-out requests pursuant to Section II.N.

2.      If there is a failure to reach any Effective Date and/or if the Court should for any reason fail to approve this Settlement Agreement in the form agreed to by the Parties, decline to enter the Preliminary Approval Order, decline to enter the Final Approval Order, or impose any modification or condition to approval of the Settlement Agreement to which the Parties do not consent, and/or if the Final Approval Order is reversed or rendered void, then (a) this Settlement Agreement shall be considered null and void; (b) neither this Settlement Agreement nor any of the related negotiations shall be of any force or effect; (c) Defendants shall have no obligation to provide any cash or other benefit to Settlement Class Members and shall be entitled to the return of any cash deposited with the Settlement Administrator; (d) all Parties to this Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court; and (e) the Settlement Agreement and all negotiations, statements, proceedings and data relating thereto shall be protected by Federal Rule of Evidence 408 and shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Action. Invalidation of any portion of this Agreement shall invalidate this Agreement in its entirety unless the Parties agree in writing that the remaining provisions shall remain in full force and effect.

T.      <u>Confidentiality</u>.  The Parties and their counsel shall keep confidential all settlement communications, including communications regarding the negotiation and drafting of this Settlement Agreement.  The Parties will not make any public statement about the settlement that has not been approved by the other side, except as required or authorized by law.  Approval of any proposed public statement of the other side will not be unreasonably withheld.  The Parties will cooperate with each other regarding public statements about the settlement and may issue a joint statement/press release if they mutually agree to do so.  This paragraph shall not be construed to limit or impede the notice requirements contained in this Settlement Agreement, nor shall this paragraph be construed to prevent Class Counsel or Defendants' Counsel from notifying or explaining that the Action has settled or limit the representations that the Parties or their Counsel may make to the Court to assist in the Court's evaluation of the Settlement Agreement. Nor shall this paragraph be construed to prevent Class Counsel from indicating on any firm resume or on the firm's website the fact that the matter settled and that the firm was one of the counsel involved in the matter.  Defendants may also provide information about the Settlement Agreement to their attorneys, members, partners, insurers,

brokers, agents, and other persons or entities as required by securities laws or other applicable laws and regulations.

U.    <u>Cooperation in Effecting Settlement</u>: The Parties, their successors and assigns, and their attorneys will implement this Settlement Agreement in good faith, use good faith in resolving any disputes that may arise in the implementation of this Settlement Agreement, cooperate with one another in seeking Court approval of this Settlement Agreement, and use their best efforts to effect the prompt consummation of this Settlement Agreement.

V.    <u>Miscellaneous Provisions</u>.

1.    This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties.

2.    The headings of the sections of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

3.    This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or Party's legal counsel, are merged herein.

4.    The Parties and their counsel will cooperate with each other and use their best efforts to implement this Settlement Agreement.  Class Counsel shall, with the assistance and cooperation of Defendants' Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement and dismissal of this Action with prejudice.

5.    This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties and Settlement Class Members and their respective heirs, successors, and assigns.

6.    All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of California, without regard to its rules regarding conflict of laws.

7.    The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after extensive negotiation, with consideration by and participation of counsel for both Parties.  The Settlement Agreement shall be construed according to the fair intent of the language taken as a whole, and not for or against any Party.

8.      The waiver by one Party of any provision or breach of this Settlement Agreement shall not be deemed a waiver of any other provision or breach of this Settlement Agreement.

9.      The Parties and their counsel may execute this Settlement Agreement in counterparts and this Settlement Agreement may be executed by electronic signature.  Execution in counterparts shall have the same force and effect as if all signatories had signed the same document.

10.     The Court shall retain jurisdiction to interpret, effectuate, enforce, and implement this Settlement Agreement, and all Parties submit to the jurisdiction of the Court only for purposes of implementing and enforcing the Settlement Agreement.  Except as stated above regarding claim disputes, the Court shall have exclusive jurisdiction to resolve any disputes involving this Settlement Agreement.

11.     Each individual signing this Settlement Agreement represents and warrants that he or she has the authority to sign on behalf of the person or entity for which that individual signs.

4148-7503-0088.17

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

Dated: _____ 2/18/2024

_____
*Nicholas Migliaccio*

**Nicholas A. Migliaccio, Counsel for Named Plaintiffs and on Behalf of Michelle Salinas**

Dated: _____ 2/18/2024

_____
*Gary Graifman*

**Gary S. Graifman, Counsel for Named Plaintiffs and on Behalf of Raymel Washington**

Dated: _____ 2/16/2024

_____

**William B. Federman, Counsel for Named Plaintiffs and on Behalf of Amanda Gordon**

Dated: _____ 2/16/2024

_____
*David Goodwin*

**David A. Goodwin, Counsel for Named Plaintiffs**

Dated: _____

Name: _____

Title: _____

**Block Inc.**

Dated: _____

Name: _____

Title: _____

**Cash App Investing LLC**

Dated: _____ 2/16/2024

_____
*Aravind Swaminathan*

**Aravind Swaminathan, Counsel for Defendants**

22

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

Dated: _____

_____

**Nicholas A. Migliaccio, Counsel for Named Plaintiffs and on Behalf of Michelle Salinas**

_Chrysty Esperanza_
24ADD0E51DCD4CB
Dated: 2/17/2024 | 1:04:23 AM PST

Name: Chrysty Esperanza

Title: Chief Legal Officer

**Block Inc.**

Dated: _____

_____

**Gary S. Graifman, Counsel for Named Plaintiffs and on Behalf of Raymel Washington**

_Luis Olivera_
4E75446B19374D1
Dated: 2/17/2024 | 6:32:38 AM PST

Name: Luis Olivera

Title: CEO - Cash App Investing LLC

**Cash App Investing LLC**

Dated: _____

_____

**William B. Federman, Counsel for Named Plaintiffs and on Behalf of Amanda Gordon**

Dated: _____

_____

**Aravind Swaminathan, Counsel for Defendants**

Dated: _____

_____

**David A. Goodwin, Counsel for Named Plaintiffs**

Dated: _____
       2/18/2024

_____
*Melissa Emert*

**Melissa R. Emert, Counsel for Named
Plaintiffs**


Dated: _____
       2/16/2024

_____
*Scott Hirsch*

**Scott D. Hirsch, Counsel for Named
Plaintiffs**