UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SALINAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BLOCK, INC., et al., <br><br> Defendants. | Case No. 22-cv-04823-SK <br><br> **ORDER ADVANCING HEARING DATE** <br><br> Regarding Docket No. 91 |

The Court HEREBY GRANTS the administrative motion to advance the hearing date on the pending motion for preliminary approval of the class action settlement and the motion for consolidation. The hearing is ADVANCED to May 6, 2024 at 9:30 a.m.

At the hearing, the parties should be prepared to address the following questions:

(1) What specific personal information was obtained in the data breaches?

(2) Do the parties have an estimate of how much money the potential class members lost as a result of the data breaches?

(3) Did the parties consider including the provision of credit monitoring services or other identity theft protection in the settlement? Why or why not?

(4) By when are Defendants required to provide the Claims Administrator with the names and email addresses of each potential class member?

(5) Do Plaintiffs have email addresses for every potential class member?

(6) What is the plan for reaching potential class members for whom the email notices were returned as permanently undeliverable or for whom Plaintiffs do not have an email address?

    (a) Is there a way to find a valid email address for such individuals?

    (b) Is there a way to determine a valid mailing address for such individuals?

(7) Individuals will be able to receive a long notice through the mail if they leave a voicemail message with their name and address. Does the email giving notice, the short notice, or the targeted adds also inform individuals of their ability to receive a long notice? Could an individual email his or her name and address to obtain a long notice?

(8) Plaintiffs estimate that 8 million potential class members had their data breached in the two data breaches at issue. (Dkt. No. 76-1 (Declaration of Melissa R. Emert), ¶ 13.) Then why does the potential class list contain 85 million individuals? (Dkt. No. 76-10 (Declaration of Steven Weisbrot), ¶ 15.) In other words, do Plaintiffs know which accounts were breached? If not, how was the number of 8 million class members who suffered the data breaches derived from the 85 million Cash App subscribers during the class period?

(9) Plaintiffs propose a deadline of 45 days from the Notice Date for potential class members to submit claims but the Notice Date is defined as "within 45 days from preliminary approval." What is the actual Notice Date? Does it include the time for the follow up attempts with emails, targeted advertisements, and published notices?

(10) Would the parties be amenable to extending the deadline to submit claims, requests to be excluded, or submit objections to ninety days?

(11) Plaintiffs' motion for preliminary approval of the class action settlement does not substantively address their claims in the discussion of the strength of their claims and the risk of continued litigation. Their discussion could be about any claims in any class action by any individuals against any company. Plaintiffs should be prepared to discuss the strengths and weaknesses of their actual claims at the hearing.

(12) Plaintiffs estimate that the value of the remedial relief that will be provided to the class is $5 million. What is the basis for this valuation? Plaintiffs are admonished that they must substantiate this high valuation in their motion for attorneys' fees if

1          they want the Court to consider it in determining the value of the settlement.

2   (13)   Plaintiffs argue that the class representatives took on substantial risk of publicity and notoriety.  Why is being known as a class representative in this case risky?

3   (14)   How much time did the class representatives spend on this case and in what tasks were they engaged?

4   (15)   The short form notice confusingly states that "[i]f you do nothing and are a Settlement Class Member, you will remain in the Class, you will *not* be eligible for benefits, and you will be bound by the decisions of the Court . . . ." Dkt. No. 76-3 (emphasis added).)  Was the "not" a typographical error?

5   (16)   What is the "Unique$CashtagIdentifier" on the claim form?  Is this something that all potential class members already have and should know what it is and where to find theirs?

6   (17)   Will a class member whose personal information was obtained during a breach and submits a claim receive a portion of the settlement amount if they did not incur out-of-pocket expenses, lost time, or transaction losses?

**IT IS SO ORDERED**.

Dated: April 30, 2024



SALLIE KIM
United States Magistrate Judge