UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SALINAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BLOCK, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-04823-SK<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Regarding Docket No. 76 |

The Court find that the Settlement is fair, reasonable, and within the range of reasonableness and thus GRANTS the motion for preliminary approval as follows.

1. <u>Certification for Settlement Purposes Only</u>.  Solely for purposes of effectuating the proposed Settlement, the Court finds, pursuant to Rule 23(e), that the prerequisites for class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are likely to be found to be satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in this Action is impracticable; (b) there are questions of law and fact that are common to the Settlement Class; (c) the Plaintiffs' claims are typical of the claims of the Settlement Class; (d) the interests of all Settlement Class Members are adequately represented by the Plaintiffs and Class Counsel; (e) the questions of law and fact common to Settlement Class Members predominate over any individualized questions of law and fact; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These findings shall be vacated if the Settlement is not approved upon a motion for final approval or if for any reason the Effective Date does not occur.

2. <u>Class Definition</u>.  The Settlement Agreement defines the Settlement Class as: All persons who are current or former customers of Defendants or any of Defendants' affiliates,

parents, or subsidiaries and who had their Personal Information, Cash App account, or Cash App Investing account accessed or obtained without their authorization or who otherwise had unauthorized, unintended, or fraudulent withdrawals or transfers to or from, or alleged error in connection with, a Cash App or Cash App Investing account or any linked financial account in the period between August 23, 2018 through the Notice Date.  Excluded from the Settlement Class are (i) any judge or magistrate judge presiding over this Action, members of their staff, and members of their immediate families; (ii) the Released Parties; (iii) persons who properly execute and file a timely request for exclusion from the Settlement Class; (iv) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (v) counsel for Defendants; and (vi) the legal representatives, successors, and assigns of any such excluded persons.

3. <u>Class Representatives and Class Counsel</u>.  For purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Class Representatives Plaintiffs Michelle Salinas, Raymel Washington, and Amanda Gordon will fairly and adequately represent the interests of the Class in enforcing their rights in the Action and appoints them as Class Representatives.  The Court preliminarily finds that they are similarly situated to absent Class Members and therefore typical of the Class, and that they will be adequate Class Representatives.

For purposes of the Settlement, the Court appoints Melissa R. Emert and Gary Graifman of Kantrowitz, Goldhamer & Graifman, P.C., Nicholas A. Migliaccio and Jason S. Rathod of Migliaccio & Rathod LLP, William B. Federman of Federman & Sherwood, Daniel E. Gustafson and David A. Goodwin of Gustafson Gluek PLLC, and Scott D. Hirsch of Scott Hirsch Law Group as Class Counsel to act on behalf of the Class and the Class Representatives with respect to the Settlement.  The Court authorizes Class Counsel to enter into the Settlement on behalf of the Class Representatives and the Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

4. <u>Administration</u>.  The firm of Angeion Group is appointed as Settlement Administrator to administer the notice procedure and the processing of claims, under the supervision of Class Counsel.

1  5. <u>Final Approval Hearing</u>.  The Court HEREBY SETS a hearing on **November 18, 2024** at 9:30 a.m. at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102  ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Class; (b) whether Final Approval should be granted in substance materially the same as the terms set forth in the Settlement Agreement; (c) whether the Class Representatives' proposed Settlement Benefits as described in §§ II(E) and II(F) of the Settlement Agreement should be approved as fair, reasonable, and adequate to the Class; (d) whether to approve the application for Service Awards for the Class Representatives and an award of attorneys' fees and litigation expenses; and (e) any other matters that may properly be brought before the Court in connection with the Settlement.  The Final Hearing is subject to continuation or adjournment by the Court without further notice to the Class.  The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

6. <u>Class Notice</u>.  The Court (a) approves, as to form and content, the proposed CashApp Claim Form for CashApp Data Breach Benefits ("Claim Form"), Notice of CashApp Data Breach Class Action Settlement ("Long Form Notice"), and summary notice of the proposed Settlement ("Summary Notice") submitted by the parties as Exhibits C, B, and A, respectively, to the Settlement Agreement, and (b) finds and determines that emailing the Summary Notice, reminder emails to Class Members (if available), and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, supplemented by any social media and print media advertisements deemed appropriate by the Parties (i) constitutes the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to submit a Claim (if applicable), their right to exclude themselves from the Settlement Class, the effect of the proposed Settlement (including the Releases to be provided thereunder), Class Counsels' motion for an award of attorneys' fees and expenses and for Service Awards, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (iii) constitutes

3

1  due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed

2  Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure,

3  the Constitution of the United States (including the Due Process Clause), and all other applicable

4  laws and rules.

5        7. <u>Settlement Class List</u>.  The Court orders Defendants to provide the Settlement

6  Administrator a list generated by Defendants containing the last known name, phone number, and

7  email for persons identified by Defendants following a reasonable search who may fall under the

8  definition of the Settlement Class (as defined above) by no **June 13, 2024**.  The Settlement

9  Administrator is directed to maintain the personally identifiable information that comprises the

10  Settlement Class List securely and confidentially and to use the Settlement Class List solely for

11  purposes of effecting the Settlement.

12        8. <u>Notice Date</u>.  The Court directs that the Settlement Administrator cause a copy of the

13  Summary Notice be emailed to all members of the Class who have been identified by Defendants

14  through its records as soon as practical and by no later than **July 18, 2024** (the "Notice Date").

15  Class Notice will also be disseminated through targeted social media advertising and through

16  public press release(s) by no later than **August 8, 2024**.  Before the Notice is emailed, the

17  Settlement Administrator shall cause copies of the Settlement Agreement, Long Form Notice,

18  Summary Notice, and Claim Form, in forms available for download, to be posted on a website

19  developed for the Settlement ("Settlement Website").  The social media program and paid search

20  campaign proposed by the Claims Administrator (as set forth in the Declaration of Steven

21  Weisbrot ("Weisbrot Decl."), Paragraphs 24 through 26) and the publication notice (Weisbrot

22  Decl., Paragraph 27-28) are approved.

23        9. <u>Approval of Notice</u>.  The Court further finds that all of the notices are written in simple

24  terminology and are readily understandable by Class Members.  The date and time of the Final

25  Approval Hearing shall be included in all notices before they are disseminated.  The Parties may

26  revise the notices in ways that are appropriate to update those notices for purposes of accuracy and

27  clarity, and may adjust the layout of those notices for efficient electronic presentation and mailing.

28        10. <u>Deadline to Submit Claim Forms</u>.  By no later than **October 15, 2024**, Class Members

1    shall submit their Claim Forms ("Claims Deadline").  By submitting a claim, a person or entity

2    shall be deemed to have submitted to the jurisdiction of the Court with respect to his or her Claim

3    and the subject matter of the Settlement.

4          11. <u>Exclusions and Objections</u>.  Any person falling within the definition of the Class may,

5    upon request, be excluded or "opt out" from the Class.  Any such person who desires to request

6    exclusion from the Class must submit a fully-completed Request for Exclusion.  To be valid, the

7    Request for Exclusion must (i) be in writing; (ii) state the Class member's current address; (iii)

8    contain the statement "I request that I be excluded from the Settlement Class in the case of *Salinas*

9    *v. Block Inc., et al.,* Case No. 22-cv-4823 (N.D. Cal.); (iv) be signed by the Class member; and (v)

10   be mailed or emailed to the Settlement Administrator on or before the end of the Opt-Out

11   Deadline.  Any person who elects to request exclusion from the Settlement Class shall not (i) be

12   bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this

13   Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any

14   aspect of this Agreement.  No Person may request to be excluded from the Settlement Class

15   through "mass" or "class" opt-outs.  The Opt-Out Deadline is **October 1, 2024**.

16         Any Class Member may enter an appearance in the Action, at their own expense,

17   individually or through counsel of their own choice.  If a Class Member does not enter an

18   appearance, they will be represented by Class Counsel.  Any Class Member who wishes to object

19   to the Settlement, the Settlement Benefits, Service Awards, and/or the Fee Award and Costs, or to

20   appear at the Final Approval Hearing and show cause, if any, for why the Settlement should not be

21   approved as fair, reasonable, and adequate to the Class, why a final judgment should not be

22   entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards

23   and/or the Fee Award and Costs should not be granted, may do so, but must proceed as set forth in

24   this paragraph.  No Class Member or other person will be heard on such matters unless they have

25   filed in this Action the objection, together with any briefs, papers, statements, or other materials

26   the Class Member or other person wishes the Court to consider, within seventy-five (75) calendar

27   days following the Notice Date.  All written objections and supporting papers must (i) clearly

28   identify the case name and number – *Salinas v. Block Inc., et al.,* Case No. 22-cv-4823 (N.D.

Cal.); (ii) be submitted to the Court by filing them either electronically or in person at any location of the United States District Court for the Northern District of California or by mailing the objection and supporting papers to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco Courthouse with copies to Class Counsel and Counsel for Defendant; and (iii) be filed or postmarked on or before **October 1, 2024** ("Objection Deadline").  Any Class Member who does not make their objections in the manner and by the date set forth in this paragraph shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

12. Claimants.  Class Members who submit a valid claim form by **October 15, 2024** may qualify to receive reimbursements for Out-of-Pocket losses, compensation for Lost Time, or reimbursement for Transaction Losses.  Any Class Member who does not submit a timely Claim Form in accordance with this Order shall not be entitled to receive reimbursements for Out-of-Pocket losses, compensation for Lost Time, or reimbursement for Transaction Losses, but shall nevertheless be bound by any final judgment entered by the Court.  Class Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Settlement Administrator, so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No person shall have any claim against Class Counsel or the Settlement Administrator by reason of the decision to exercise discretion whether to accept late-submitted claims.

13. Release.  Upon the entry of the Court's order granting final approval of the class action settlement and judgment, the Class Representatives and all Class Members who have not opted out, whether or not they have filed a Claim Form, shall be permanently enjoined and barred from asserting any claims (except through the Claim Form procedures) against Defendants arising from the Released Claims.

14. Funds Held by the Settlement Administrator.  All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the

Settlement or further order of the Court.

15. <u>Motion for Attorneys' Fees, Costs, and Service Awards; Final Approval Motion; Response to Objection</u>. By no later than **July 15, 2024**, Class Counsel shall file a motion for attorneys' fees, costs, and Service Awards. By no later than **October 11, 2024**, Class Counsel shall file the motion, supporting brief, and supporting documents in support of a request for final approval of the Settlement and the Settlement Benefits, and response(s) to any Objection to the Settlement. Class Counsel shall provide an update by no later than **October 28, 2024** regarding the total number of Class Members who submitted a valid claim form.

16. <u>Reasonable Procedures</u>. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

17. <u>Extension of Deadlines</u>. Upon application of the Parties and upon good cause, the Court may extend, but not shorten, the deadlines set forth in this Order, without further notice to the Class. Class Members must check the Settlement Website regularly for updates and further details regarding extensions of these deadlines. The Court reserves the right to vacate or continue the Final Approval hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Class.

18. <u>Effective Date</u>. The Effective Date of the Settlement Agreement ("Effective Date") shall be the later of either the expiration of the time for filing an appeal of the Final Approval Order, or if a timely appeal is made, the date of the final resolution of that appeal and any subsequent appeals resulting in final approval of the Settlement Agreement without any material modification or condition. In the event that the Effective Date does not occur, class certification

/ / /
/ / /
/ / /
/ / /

shall be automatically vacated and this Preliminary Approval, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

**IT IS SO ORDERED**.

Dated: June 3, 2024

_____
SALLIE KIM
United States Magistrate Judge