**KANTROWITZ GOLDHAMER & GRAIFMAN PC**
Gary Graifman, *admitted pro hac vice*
Melissa Emert, *admitted pro hac vice*
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Tel: (845) 356-2570
ggraifman@kgglaw.com
memert@kgglaw.com

**MIGLIACCIO & RATHOD LLP**
Nicholas Migliaccio, *admitted pro hac vice*
Jason Rathod, *pro hac vice forthcoming*
412 H St NE #302
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

**FEDERMAN & SHERWOOD**
William B. Federman, *admitted pro hac vice*
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
wbf@federmanlaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SALINAS, RAYMEL WASHINGTON, and AMANDA GORDON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>BLOCK, INC. and CASH APP INVESTING, LLC,<br><br>                    Defendants. | Case No. 3:22-cv-04823<br><br>**DECLARATION OF STEVEN WEISBROT RE: SETTLEMENT ADMINISTRATION** |

I, Steven Weisbrot, declare and state as follows:

1. I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). I have personal knowledge of the matters stated herein.

2. My credentials were previously reported to this Court in my prior declaration (the "Notice Plan Declaration") (ECF No. 76-10).

3. Angeion was retained by the Parties and appointed by the Court to serve as the Settlement Administrator pursuant to the Order Granting Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 96).

4. The purpose of this Declaration is to address the letter submitted to the Court by Jacob Emerson (ECF No. 101), which requested that all case documents available on the Public Access to Court Electronic Records ("PACER") pertaining to this litigation be posted on the Settlement Website.

## SETTLEMENT WEBSITE

5. On July 23, 2024, Angeion activated the case-specific Settlement Website, www.CashAppSecuritySettlement.com, where Settlement Class Members can easily find general information about the Settlement, view important dates and deadlines pertinent to the Settlement, and find answers to frequently asked questions.[1] The Settlement Website also features a customized chatbot to assist Settlement Class Members find information about the Settlement. Settlement Class Members can also submit additional questions to the Settlement Administrator via a customized "Contact Us" form.

6. The Settlement Website also features an Important Documents page which provides access to the Summary Notice, Notice, Claim Form, Settlement Agreement, Preliminary Approval Order, Order Modifying Dates for Settlement Deadlines, the Consolidated Complaint, and Plaintiffs' Notice of Motion and Memorandum of Points and Authorities in Support of Motion for Award of Attorneys' Fees and Costs, and Service Awards. Additional relevant Court documents, such as the Motion for

---

[1] Available in both English and Spanish.

Final Approval, further Orders entered by the Court, and other documents agreed to by the Parties or at the Court's instruction will be posted to the Settlement Website.

## **THE DOCUMENTS POSTED TO THE SETTLEMENT WEBSITE MEET ALL REQUIREMENTS**

7. The documents posted to the Settlement Website are consistent with the requirements of the Class Action Settlement Agreement and Release ("Settlement Agreement"), the Preliminary Approval Order, and the Northern District's Procedural Guidance for Class Action Settlements.

Settlement Agreement Requirements

8. Specifically, section II, subsection I of the Settlement Agreement requires that the dedicated website include "access to relevant publicly available court documents, the settlement and this Settlement Agreement, the long-form notice of the settlement…" (*See* Dkt. No. 76-2 at 13).

Preliminary Approval Order Requirements

9. Paragraph 8 of the Preliminary Approval Order states in part, "the Settlement Administrator shall cause copies of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form, in forms available for download, to be posted on a website developed for the Settlement ("Settlement Website") (*See* Dkt. No. 96 at 4).

Northern District Requirements

10. Section 3 of the Northern District's Procedural Guidance for Class Action Settlements[2] provides for the following: "NOTICE—The parties should ensure that the class notice is easily understandable, in light of the class members' communication patterns, education levels, and language needs. The notice should include the following information:

    a. Contact information for class counsel to answer questions.

    b. The address for a website, maintained by the claims administrator or class counsel, that lists key deadlines **and has links to the notice, claim form (if any), preliminary approval order, motions for preliminary and final approval and for attorneys' fees, and any other important documents in the case.**

---

[2] *See* https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/ (Last visited August 23, 2024).

    c.    **Instructions on how to access the case docket via PACER or in person at any of the court's locations.**

    d.    The date and time of the final approval hearing, clearly stating that the date may change without further notice to the class.

    e.    **A note to advise class members to check the settlement website or the Court's PACER site** to confirm that the date has not been changed."

11. It is clear from requirement (c) which states that Settlement Class Members be provided with instructions on how to access PACER that the Northern District did not intend that all litigation documents on PACER be made available on the Settlement Website.

## PLAIN LANGUAGE NOTICE DESIGN

12. Limiting the litigation documents available on the Settlement Website is consistent with the plain language requirement of Fed. R. Civ. P. 23 (c)(2). For example, the notices posted on the Settlement Website are specifically designed and tailored to provide Settlement Class Members with important information about the Settlement, including the Settlement Class definition, Settlement Class Member legal rights and options, important deadline dates, and responses to frequently asked questions pertaining specifically to the Settlement.

13. Having the entire PACER docket accessible to the entire Settlement Class undermines the principles and rationale behind the plain language notice design requirements and undoubtedly would create unnecessary confusion amongst Settlement Class Members, as documents available on the docket were not drafted in plain language nor were they drafted with the general public as the intended audience.

## THE PACER FEES CLASS ACTION SETTLEMENT

14. It is Angeion's opinion that the PACER Fees Class Action settlement referenced by Mr. Emerson is not instructive towards the instant matter. That case specifically involved allegations that the government unlawfully charged users of PACER more than necessary to cover the costs of providing public access to federal court records. Providing all the documents from PACER on the settlement website in that case was likely due to the subject matter of the litigation.

15. The PACER Fees Class Action Court did not indicate that all docket entries on PACER should be made available in all settlements in federal court. Regardless, that case was litigated in the District Court for the District of Columbia and would not establish precedent in the Northern District of California.

## CONCLUSION

16. For the reasons stated herein, it is my professional opinion that the documents posted to the Settlement Website are appropriate, meet all requirements of the Settlement, the Preliminary Approval Order, and the Northern District's Procedural Guidance for Class Action Settlements, and are consistent with the principles of the plain language requirement of Fed. R. Civ. P. 23 (c)(2).

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 26, 2024

_____
STEVEN WEISBROT