Gary S. Graifman (*Pro Hac Vice*)
Melissa Emert (*Pro Hac Vice*)
**KANTROWITZ, GOLDHAMER,
& GRAIFMAN, P.C.**
135 Chestnut Ridge Rd. Suite 200
Montvale, NJ 07645
(201) 391-7000; Fax (201) 307-1086
ggraifman@kgglaw.com
memert@kgglaw.com

Nicholas Migliaccio (*Pro Hac Vice*)
Jason Rathod (*Pro Hac Vice*)
**MIGLIACCIO & RATHOD LLP**
412 H St NE #302
Washington, D.C. 20002
(202) 474-9111; Fax: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

William B. Federman (*Pro Hac Vice*)
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
(405) 235-1560; Fax: (405)-239-2112
wbf@federmanlaw.com

*Co-Lead Counsel for the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHELLE SALINAS, RAYMEL WASHINGTON, and AMANDA GORDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOCK, INC. and CASH APP INVESTING, LLC,<br><br>Defendants. | Hon. Magistrate Judge Sallie Kim<br><br>Case No.: 3:22-cv-04823<br><br>**SUPPLEMENTAL DECLARATION OF GARY S. GRAIFMAN IN SUPPORT OF FINAL APPROVAL**<br><br>DATE: Jan. 13, 2025<br>TIME:  9:30 a.m.<br>CTRM: 15th Floor, Ctrm C |

Gary S, Graifman, being duly sworn, hereby declares under the penalty of perjury as follows:

1. I am a partner with the law firm Kantrowitz, Goldhamer & Graifman, P.C., co-counsel for plaintiffs in the above captioned action. I make this declaration in support of the Final Approval process which was initially presented to the Court on January 13, 2025, at the Final Approval Hearing before the Court.

2. This case is not unusual in that the claims process commonly continues after the Final Approval is granted in order to address issues that Class Members may have regarding deficiencies in their claim, and to assist them to potentially cure those deficiencies.

3. I understand from the Claims Administrator, Angeion, that the claims review process is 95% complete, and more than half the deficiency letters have been sent to affected Class Members. Claimants will have 21 days from receipt of the deficieny letter to cure those deficiencies. This cure period is standard practice which ensures that claimants have a fair opportunity to correct any issues while allowing those with valid and complete claims to be paid without undue delay.

4. However, at this stage it would be important for the Court to give final approval of the settlement because those Class Members who did the work to diligently file the necessary paperwork and have a qualified claim, and who are entitled to payment, can obtain relief now. There are approximately 14,000 class members in this group awaiting relief. Despite being approved, they cannot get paid until Final Approval is granted and the Effective Date of the settlement has occurred.[1]

5. At this juncture, those Class Members who have taken the time and diligently submitted the documentation to demonstrate they have a qualified claim

---

[1] The term "Effective Date" refers to the date subsequent to Final Approval where the period to appeal for any objector has expired and/or any appeal, if any, is finally resolved.

SUPPLEMENTAL DECLARATION OF GARY S GRAIFMAN IN SUPPORT OF FINAL APPROVAL

- 1 -

1 | should not be delayed in obtaining their relief.

2 |       6.    Given the fact that the claims process has been in large part completed with respect to review of the actual claims submitted, and that it is common to have Final Approval granted while the claims process proceeds through the deficiency notice and cure period, we respectfully request that the Court grant Final Approval to the settlement at this time.

      Delcared this 17th day of March, 2025 at Montvale, New Jersey.

_____
Gary S. Graifman

## CERTIFICATE OF SERVICE

I hereby certify that on March ___, 2024, I caused the foregoing to be filed electronically using the Court's electronic case filing (ECF) system, which will automatically send a notice of electronic filing to the email addresses of all counsel of record.

Dated: March ___, 2025                     _____
                                                          Gary S. Graifman