1  ARAVIND SWAMINATHAN (*admitted pro hac vice*)
   aswaminathan@orrick.com
2  MICHELLE VISSER (STATE BAR NO. 277509)
   mvisser@orrick.com
3  REBECCA HARLOW (STATE BAR NO. 281931)
   rharlow@orrick.com
4  THOMAS FU (STATE BAR NO. 325209)
   tfu@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA  94105-2669
7  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
8
   Attorneys for Defendants
9  BLOCK, INC. and CASH APP INVESTING, LLC

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13
   MICHELLE SALINAS, RAYMEL            Case No. 3:22-cv-04823
14 WASHINGTON, and AMANDA GORDON,
   individually and on behalf of all others   **DEFENDANTS' STATEMENT IN**
15 similarly situated,                  **SUPPORT OF FINAL SETTLEMENT**
                                         **APPROVAL**
16             Plaintiffs,
                                         Judge:  Hon. Sallie Kim
17        v.

18 BLOCK, INC. and CASH
   APP INVESTING, LLC,
19
               Defendants.
20

21

22

23

24

25

26

27

28

4141-9358-3450.7

Defendants Block, Inc. and Cash App Investing, LLC (together, "Defendants") respectfully submit this statement requesting that the Court grant final approval of the class action settlement in this action and request an opportunity to be heard. By entering final approval of settlement at this stage, the Court will allow the distribution of benefits to commence promptly, ensuring that class members receive the relief they are entitled to without any further delay. That is appropriate here given the continuing progression of the claims administration process, as reflected in the Supplemental Declaration of Angeion Group Re: Settlement Administration. It is appropriate and customary for the Court to grant final approval at this stage and this approach aligns with established practices in similar cases and ensures that class members receive timely relief. Defendants request that the Court grant final approval of the class action settlement.

**Background.** Preliminary approval of the settlement was granted on June 3, 2024. The Court-approved administrator, Angeion Group, LLC ("Angeion"), then executed the Court-approved program for providing notice of the Settlement to the Class via direct mail and a robust media campaign. *See* Dkt. 96. As evidenced by the Supplemental Declaration of Angeion Group Re: Settlement Administration (the "Angeion Declaration"), the claims administration process has made significant progress since the final approval hearing. Angeion received 667,985 filed claims and has reviewed over 95% of those claims to date. *See* Angeion Declaration at ¶¶ 6, 10.

**The Settlement is Fair, Reasonable and Adequate.** As was established in briefing in connection with the final approval hearing, the settlement agreement is fair, reasonable, and adequate. *See* Dkt. No. 124. The terms of the settlement were negotiated at arm's length and reflect a fair compromise of the disputed claims. The settlement agreement has also been met with overwhelming support, as evidenced by the large number of claims submitted and the miniscule number of objections that were received. Indeed, out of all potential settlement class members, only 191 potential members sought to be excluded from the settlement. The settlement agreement provides substantial benefits to the class members, including monetary compensation and non-monetary relief. Based upon Angeion's work to date, class members with fully approved claims stand to recover an average of over $200 per person; class members able to substantiate larger

4141-9358-3450.7

1  claims of loss will recover significantly more.  *See* Angeion Declaration at ¶¶ 6, 10.  By entering

2  final approval of settlement at this stage, the Court will allow the distribution of benefits to

3  commence promptly, ensuring that class members receive the relief they are entitled to without any

4  further delay.

5        **Final Approval is Common Before All Claims are Processed.**  It is a routine aspect of

6  class settlement implementation for certain administrative tasks, such as completion of claims

7  processing and the claims deficiency process, to continue after final approval.  This practice has

8  been recognized and accepted in numerous large class actions in this District and others, such as (i)

9  *In re: Facebook Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843 (N.D.

10 Cal.); (ii) *Leventhal v. Streamlabs, LLC*, Case No. 3:22-cv-01330 (N.D. Cal.); and (iii) *Cox v. Spirit

11 Airlines, Inc.*, Case No. 1:17-cv-05172 (E.D.N.Y.).  In each of these cases, the court granted final

12 approval of the settlement while the claims review process was ongoing, demonstrating that final

13 approval need not be contingent upon the completion of the claims review process.  In *Facebook*,

14 in support of final approval, the administrator reported that it had conducted an "initial preliminary

15 review" of claims but that they were "still subject to final auditing."  *See In re: Facebook Inc.

16 Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843 (N.D. Cal.), Dkt. No. 1145-

17 2, Declaration of Steven Weisbrot of Angeion Group, LLC in Support of Motion for Final Approval

18 of Class Action Settlement (July 11, 2023) at ¶ 40.  The Court finally approved the settlement and

19 expressly found that the administrator "thus far has fulfilled its duties" even though the process was

20 not wholly complete.  *Id.*, Dkt. No. 1182, Order Granting Final Approval of Class Action

21 Settlement Pursuant to Federal Rule of Civil Procedure 23(e)(2) (Oct. 10, 2023) (Chhabria, J.) at

22 ¶ 9. Similarly, in *Leventhal*, the settlement administrator reported in December 2024 that the claims

23 were "still subject to final audits" and committed to ongoing reporting to the parties, *Leventhal v.

24 Streamlabs, LLC*, Case No. 3:22-cv-01330 (N.D. Cal.), Dkt. No. 99-3, Declaration of Kimberly

25 O'Kane re: Notice and Administration (Dec. 4, 2024) at ¶ 15.  The Court granted final approval

26 less than two months later.  *Id.*, Dkt. No. 102, Final Judgment and Order Approving Class Action

27 Settlement (Jan. 30, 2025) (Beeler, J.).

28

DEFENDANTS' STATEMENT IN SUPPORT
OF FINAL SETTLEMENT APPROVAL
3:22-cv-04823

4141-9358-3450.7

1       Indeed, in *Cox v. Spirit Airlines*, the Court granted final approval to a settlement weeks

2 before the deadline for claims to be submitted, let alone completion of the claims review process.

3 Case No. 1:17-cv-05172 (E.D.N.Y.), Dkt. No. 187-6, Declaration of Steven Wesibrot, Esq. of

4 Angeion Group, LLC re: Settlement Notice (Dec. 1, 2023) at ¶ 28 (noting claim deadline of January

5 10, 2024 and describing claims received as "subject to final audits and review") and Dkt. No. 189,

6 Order Granting Final Approval of Settlement Between Plaintiffs and Defendant (Dec. 12, 2023)

7 (granting final approval).  The fact that the claims process here is not fully completed therefore

8 need not foreclose issuance of a final approval order.

9       The settlement administrator is committed to completing the claims review process

10 expeditiously and is able to provide updates to the Court and the parties as required as that process

11 reaches completion.

12       **Conclusion.**  Defendants respectfully request that the Court enter final approval of the class

13 action settlement.  If the Court has any remaining concerns regarding approval of the settlement,

14 Defendants request that a hearing be scheduled at the earliest opportunity.

15

16 Dated: March 17, 2025                  ARAVIND SWAMINATHAN
                                           MICHELLE VISSER

17                                            REBECCA HARLOW
                                           THOMAS FU

18                                            Orrick, Herrington & Sutcliffe LLP

19

20                        By:    */s/ Aravind Swaminathan*
                                     ARAVIND SWAMINATHAN

21                                      Attorneys for Defendants
                                   BLOCK, INC. and CASH APP

22                                      INVESTING, LLC

23

24

25

26

27

28

DEFENDANTS' STATEMENT IN SUPPORT
OF FINAL SETTLEMENT APPROVAL
3:22-cv-04823

4141-9358-3450.7