**FEDERMAN & SHERWOOD**
William B. Federman, *admitted pro hac vice*
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
wbf@federmanlaw.com

**KANTROWITZ GOLDHAMER &
GRAIFMAN PC**
Gary Graifman, *admitted pro hac vice*
Melissa Emert, *admitted pro hac vice*
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Tel: (845) 356-2570
ggraifman@kgglaw.com
memert@kgglaw.com

**MIGLIACCIO & RATHOD LLP**
Nicholas Migliaccio, *admitted pro hac vice*
Jason Rathod, *admitted pro hac vice*
412 H St NE #302
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHELLE SALINAS, RAYMEL WASHINGTON,** and **AMANDA GORDON,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**BLOCK, INC. and CASH APP INVESTING, LLC,**<br><br>Defendants. | Case No. 3:22-cv-04823<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS** |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS

4153-6873-0458.1

On June 3, 2024, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (ECF No. 96) of the Settlement between the Settlement Class Representatives, on behalf of themselves and the Settlement Class, and Defendants Block, Inc. and Cash App Investing, LLC ("Cash App" or "Defendants"), as memorialized in the Settlement Agreement (ECF No. 76-2).[1]

Beginning on July 25, 2024, and pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class Members were apprised of the nature and pendency of the Action, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the final approval hearing. On January 13, 2025, the Court held a final approval hearing to determine, inter alia: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the operative Complaint with prejudice. Prior to the final approval hearing, Class Counsel filed a declaration from the Settlement Administrator (Angeion Group, LLC) confirming that the Notice Plan was completed in accordance with the Parties' instructions and the Preliminary Approval Order. Supplemental declarations from the Settlement Administrator, reporting on the progress of the administration of the Settlement, were also filed on January 10, 2025 (ECF No. 134) and March 17, 2025 (ECF No. 153).

Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement, the award of attorney's fees, costs, and expenses, and the payment of Service Awards.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Cash App, having reviewed all of the submissions presented with respect to the proposed Settlement,

---

[1] The capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS

having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorney's fees, costs, and expenses, and the application for Service Awards, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class Members. The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

3.      The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4.      This Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the settlement relief.  The Court finds that the Settlement is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class.  Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5.      The Parties shall effectuate the Settlement in accordance with its terms.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS

## OBJECTIONS AND OPT-OUTS

6.    The Court has considered all objections and motions to intervene and finds the objections and motions to intervene do not counsel against Settlement approval, and the objections and motions to intervene are hereby overruled and denied in all respects.

7.    All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

8.    A list of those entities and individuals who have timely and validly elected to opt out of the Settlement in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of Steven Weisbrot Re: Settlement Administration as Exhibit L, filed on December 9, 2024 (ECF No. 124-1). An updated list was submitted to the Court on January 10, 2025, as Exhibit A to the Supplemental Declaration of Steven Weisbrot Re: Settlement Administration (ECF No. 134). The updated list is attached as **Exhibit 1** to this Order.  The persons and/or entities listed in Exhibit 1 are not bound by the Settlement, or this Final Approval Order and Judgment, and are not entitled to any of the benefits under the Settlement.  Opt-Out Members listed in Exhibit 1 shall be deemed not to be Releasing Parties.

## CLASS CERTIFICATION

9.    For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All persons who are current or former customers of Defendants or any of Defendants' affiliates, parents, or subsidiaries and who had their Personal Information, Cash App account, or Cash App Investing account accessed or obtained without their authorization or who otherwise had unauthorized, unintended, or fraudulent withdrawals or transfers to or from, or alleged error in connection with, a Cash App or Cash App Investing account or any linked financial account in the period of four (4) years prior to the filing of the Salinas Complaint (which was filed on August 23, 2022) through the Notice Date.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS

10. The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

11. The Court grants final approval of the appointment of Michelle Salinas, Raymel Washington, and Amanda Gordon as the Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

12. The Court grants final approval to the appointment of Melissa R. Emert and Gary Graifman of Kantrowitz, Goldhamer & Graifman, P.C., Nicholas A. Migliaccio and Jason S. Rathod of Migliaccio & Rathod LLP, William B. Federman of Federman & Sherwood, Daniel E. Gustafson and David A. Goodwin of Gustafson Gluek PLLC, and Scott D. Hirsch of Scott Hirsch Law Group as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

**NOTICE TO THE SETTLEMENT CLASS**

13. The Court finds that the Notice Plan, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances; was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, and their rights to object to the Settlement and to appear at the final approval hearing;

1 and satisfied the requirements of the Federal Rules of Civil Procedure, the United States

2 Constitution, and all other applicable laws.

3      14.    The Court finds that Cash App has fully complied with the notice requirements of

4 the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

5      15.    The Court authorizes the payment of the Settlement Administrator's (Angeion

6 Group, LLC) expenses in costs in the amount of $1,515,687.00.

7        **AWARD OF ATTORNEY'S FEES AND SERVICE AWARDS**

8      16.    The Court has considered Class Counsel's Motion for attorneys' fees, costs, and

9 expenses, and for service awards (ECF No. 100).

10      17.    The Court awards Class Counsel attorneys' fees in the amount of $5,000,000.00

11 and expenses and costs in the amount of $77,567.02. These amounts shall be paid in accordance

12 with the Settlement Agreement, and the Court finds this amount of fees, costs, and expenses to be

13 fair and reasonable.  This award of attorneys' fees, costs, and expenses, and any interest earned

14 thereon, shall be paid from the Settlement Fund in accordance with the Settlement Agreement.

15 This award of attorneys' fees, costs, and expenses is independent of the Court's consideration of

16 the fairness, reasonableness, and adequacy of the Settlement.

17      18.    The Court grants Class Counsel's request for Service Awards and awards $2,500.00

18 to each Settlement Class Representative ($7,500.00 total).  These Service Awards shall be paid

19 from the Settlement Fund in accordance with the Settlement.

20           **OTHER PROVISIONS**

21      19.    The Parties to the Settlement shall carry out their respective obligations thereunder.

22      20.    Within the time period set forth in the Settlement, the relief provided for in the

23 Settlement shall be made available to the Settlement Class Members submitting valid Claim

24 Forms, pursuant to the terms and conditions of the Settlement.

25

26

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE
AWARDS

21.     As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties and any of their current, former, and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, shareholders, vendors, insurers, reinsurers, successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement Agreement.

22.     "Released Parties" means Block, Inc. and Cash App Investing, LLC and their past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees.

23.     "Released Claims" means any and all actual, potential, filed, unfiled,  known or unknown, fixed or contingent, claimed or unclaimed, claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them ("Claims"), arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the security of, access to, or transfers of information or funds to or from Block or Cash App Investing systems or a Cash App or Cash App Investing account, or otherwise, including all Claims (1) that were alleged or asserted against any of the Released Parties in the Consolidated Class Action Complaint, filed in the Action, on February 9, 2024; (2) that arise out of the same nucleus of operative facts as any of the claims alleged or asserted in that complaint;

or (3) that arise out of or relate to (i) the Data Security Incidents, (ii) any alleged unauthorized access to, unauthorized, unintended, or fraudulent withdrawals or transfers to or from, or alleged deficiency in error resolution in connection with a Cash App or Cash App Investing account or any linked financial account, such as linked bank accounts, savings accounts, checking accounts, credit cards, investment accounts, or (iii) any Released Party's response to, investigation of, or resolution of a report related thereto, including but not limited to any claims under the California Consumer Privacy Act ("CCPA"), California Privacy Rights Act ("CPRA"), California Consumer Records Act ("CRA"), California Consumer Legal Remedies Act ("CLRA"), Electronic Fund Transfer Act ("EFTA") and its implementing regulations, Federal Trade Commission Act ("FTC Act"), or any other state data security or consumer protection statute such as California's Unfair Competition Law ("UCL") and False Advertising Law ("FAL") or any other federal or state law relating to unfair, deceptive, and/or abusive acts or practices, provided such Released Claims are limited to a period of four (4) years prior to the filing of the Salinas Complaint (which was filed on August 23, 2022) through the Notice Date.

24. The Released Claims are to be construed broadly and include, without limitation, any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 *et seq.* and any similar statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights

provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.  For the avoidance of doubt, however, the Release set forth in Section II(K) of the Settlement Agreement does not preclude any Settlement Class Member from voluntarily cooperating with any government entity in any investigation or proceeding.

25.    "Unknown Claims" means any and all Released Claims that any Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement.  With respect to any and all Released Claims, upon the Effective Date, Settlement Class Representatives and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settlement Class Representatives and Class Counsel have acknowledged, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of

"Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

26.    This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered or received against Cash App as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Cash App with respect to the truth of any fact alleged by any Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Cash App; *provided*, *however*, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

27.    This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defense asserted by Cash App has any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

28.    The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf

of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

29.    The Court hereby dismisses the Action and the Consolidated Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

30.    Consistent with Section II(S)(2) of the Settlement Agreement, if there is a failure to reach any Effective Date and/or if the Final Approval Order is reversed or rendered void, then (a) the Settlement Agreement shall be considered null and void; (b) neither the Settlement Agreement nor any of the related negotiations shall be of any force or effect; (c) Defendants shall have no obligation to provide any cash or other benefit to Settlement Class Members and shall be entitled to the return of any cash deposited with the Settlement Administrator; (d) all Parties to this Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court; and (e) the Settlement Agreement and all negotiations, statements, proceedings and data relating thereto shall be protected by Federal Rule of Evidence 408 and shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Action. Invalidation of any portion of the Agreement shall invalidate the Agreement in its entirety unless the Parties agree in writing that the remaining provisions shall remain in full force and effect.

31.    Pursuant to the All-Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

32.    Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its

terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Settlement or the implementation of this Final Order and Judgment.

**IT IS SO ORDERED** this _____ day of March 2025.

_____
HONORABLE MAGISTRATE JUDGE SALLIE KIM

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS