UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SALINAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BLOCK, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-04823-SK<br><br>**ORDER ON MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEY'S FEES**<br><br>Regarding Docket Nos. 100, 124 |

This matter comes before the Court upon consideration of the Plaintiffs' motions for final approval of the class action settlement and for attorney's fees, costs and incentive awards. Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS IN PART and DENIES IN PART the motions for final approval and for attorney's fees, costs and incentive awards for the reasons set forth below.

**ANALYSIS**

**A.   Approval of the Settlement.**

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d at 1027. The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed

1    and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a

2    government participant; and (8) the reaction of class members to the proposed settlement.  *Id.* at

3    1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir.

4    2004).  Settlements that occur before formal class certification "require a higher standard of

5    fairness."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  In reviewing such

6    settlements, in addition to considering the above factors, a court also must ensure that "the

7    settlement is not the product of collusion among the negotiating parties."  *In re Bluetooth Headset*

8    *Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

9            As the Court found in its order granting preliminary approval and conditional certification

10   of the settlement class, the prerequisites of Rule 23 have been satisfied purposes of certification of

11   the settlement class.  Moreover, the Court finds that the notice to the class was adequate and was

12   reasonably designed to reach all class members.

13           As the Court previously found in its order granting preliminary approval, the *Hanlon*

14   indicate the settlement here is fair and reasonable and treats class members equitably relative to

15   one another.  A total of 667,985 nonduplicate claims were filed out of 158,011,266 potential class

16   members. (Dkt. No. 124 at pp. 5, 7 (Mot. for Final Approval); Dkt. No. 153 (Declaration of Ryan

17   Chumley) at ¶¶ 3, 6.)  There were several motions to intervene that were resolved and one

18   apparent objection to the settlement that was filed. (Dkt. No. 137.)  The Court finds that the

19   objection is without merit.  Additionally, only 191 out of 158,011,266 potential class members

20   sought to be excluded from the settlement. (Dkt. No. 124-1 (Declaration of Steven Weisbrot) at ¶

21   31.)  "[T]he absence of a large number of objections to a proposed class action settlement raises a

22   strong presumption that the terms of a proposed class settlement action are favorable to the class

23   members."  *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation

24   omitted); *see also Churchill Vill.*, 361 F.3d at 577 (holding that approval of a settlement that

25   received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 class members was

26   proper).

27           After reviewing all of the required factors and considering the evidence, the Court finds the

28   Settlement Agreement is fair, adequate, and reasonable.  The Court thus GRANTS Plaintiffs'

1  motion for final approval, including payment of $1,515,687.00 to the claims administrator

2  Angeion Group, LLC ("Angeion").  A list of those entities and individuals who have timely and

3  validly elected to opt out of the Settlement will be attached to this Order as Exhibit 1.  The persons

4  and entities listed in Exhibit 1 are not bound by the Settlement, or this Final Approval Order and

5  Judgment, and are not entitled to any of the benefits under the Settlement.

**B.  Attorneys' Fees.**

Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement."  A court has discretion to calculate and award attorneys' fees using either the percentage-of-the-fund method or the lodestar method. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) *see also Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1328-29 (9th Cir. 1999) ("[T]he district court must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are fair and proper.").  The Ninth Circuit has held that twenty-five percent of the gross settlement is the benchmark for attorneys' fees awarded under the percentage method, but the amount may be adjusted "when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)

In assessing whether the percentage requested is fair and reasonable, courts generally consider "the result achieved, the risk involved in the litigation, the skill required and quality of work by counsel, the contingent nature of the fee, awards made in similar cases, and the lodestar crosscheck." *Nwabueze v. AT & T Inc.*, 2013 WL 6199596, at *10 (N.D. Cal. Nov. 27, 2013); *see also In re Quintus Sec. Litig.,* 148 F.Supp.2d 967, 973-74 (N.D. Cal. 2001) (noting that courts consider six factors when determining whether to adjust the benchmark percentage, including "(1) the result obtained for the class; (2) the effort expended by counsel; (3) counsel's experience; (4) counsel's skill; (5) the complexity of the issues; (6) the risks of non-payment assumed by counsel; (7) the reaction of the class; and (8) comparison with counsel's loadstar").

The overall result and benefit to the class from the litigation is the most critical factor in

1    granting a fee award. *In re Omnivision Technologies, Inc*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal.
2    2008) (citation omitted); *see also Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983) (noting that the
3    "most critical factor" to the reasonableness of an attorney fee award is "the degree of success
4    obtained").

5    Finally, the Court examines the lodestar calculations in comparison, to provide "a check on
6    the reasonableness of the percentage award." *Vizcaino*, 290 F.3d at 1050. "The 'lodestar' is
7    calculated by multiplying the number of hours . . . reasonably expended on the litigation by a
8    reasonable hourly rate." *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996). The
9    reasonableness of the rates is judged in comparison to the prevailing rates in the community for
10   similar work performed by attorneys with similar skills and experience. *In re Magsafe Apple
11   Power Adapter Litig.*, 2015 WL 428105, at *11 (N.D. Cal. Jan. 30, 2015) (quoting *Gonzalez v.
12   City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). Here, Plaintiffs' two firms attest that the
13   expended

14   Plaintiffs seek attorneys' fees of twenty-five percent (25%) of the settlement amount of
15   $20 million, amounting to $5 million. While the Court finds that Plaintiffs' estimated lodestar is
16   inflated by assumed future fees, the Court still finds that, considering the results obtained and the
17   benchmark of twenty-five percent, the Court finds that they attorneys' fees sought are reasonable.
18   Accordingly, the Court GRANTS the motion for attorneys' fees. However, the Court will hold
19   back ten percent of the attorney's fees award ($500,000) pending further order, to be issued after
20   counsel have filed the post-distribution accounting required by the District's Procedural Guidance
21   on Class Action Settlements. The post-distribution accounting should address whether the full
22   amount remaining from the settlement amount after deducting for the administrator's expenses,
23   attorneys' fees and costs, and incentive fees were paid to the class members for valid claims and
24   whether class members received a pro rata increase or decrease from their submitted claims. The
25   post-distribution accounting should also detail whether the administrator's expenses did not
26   amount to the estimated final cost of $1,515,687.00.

27   **C.    Litigation Costs.**
28   "There is no doubt that an attorney who has created a common fund for the benefit of the

4

class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014) (quoting *In re Heritage Bond Litig.,* 2005 WL 1594403, at *23 (C.D. Cal. June 10, 2005)); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (class counsel is also entitled to recover "those out-of-pocket expenses that would normally be charged to a fee paying client.") (internal quotation marks and citations omitted).

Here, however, in their motion for preliminary approval of the class action settlement, Plaintiffs made clear that their "requested sum of twenty-five percent (25%) of the benefit conferred will be inclusive of both attorneys' fees *and* costs." (Dkt. No. 76 at p. 20 (italics in original).)  The Court granted the motion for preliminary approval based on that statement.  In light of Plaintiffs' representation that the $5 million would include both their attorneys' fees and costs and in light of the fact that $5 million is a large sum with a significant multiplier of class counsel's lodestar, the Court DENIES the request to reimburse the litigation costs *in addition* to the $5 million.  However, this Order is without prejudice to Plaintiffs making a further showing that class counsel should get reimbursed for their expenses *in addition* to the $5 million.  If Plaintiffs elect to make this additional showing, they should do so by no later than April 11, 2025.

**D.     Incentive Payment.**

"[N]amed plaintiffs, as opposed to designated class members who are not named plaintiffs, are eligible for reasonable incentive payments." *Staton v. Boeing Co.,* 327 F.3d 938, 977 (9th Cir. 2003); *Rodriguez v. West Pub. Corp.,* 563 F.3d 948, 958-59 (9th Cir. 2009) (district courts may approve incentive awards to named Plaintiffs to compensate them for work done on behalf of the class and in consideration of the risk undertaken in bringing the action).  To determine the appropriateness of incentive awards a district court should use "relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation." *Staton*, 327 F.3d at 977.  "[I]in this district, a $5,000 incentive award is presumptively reasonable." *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 592 (N.D. Cal. 2015) (citing *Chao v. Aurora Loan Services, LLC*, 2014 WL 4421308, at *4 (N.D. Cal. Sept 5, 2014) (noting that "Plaintiffs' . . . request for a $7,500

incentive award for each representative Plaintiff is above the $5,000 figure which this Court has determined is presumptively reasonable").

Here, Plaintiffs requests an incentive payment in the amount of $2,500 for each of the three named Plaintiffs – Michelle Salinas, Raymel Washington, and Amanda Gordon. The Court finds that the requested amount is reasonable and therefore GRANTS the motion to award this amount.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' the motions for final approval of the class action settlement and for attorneys' fees and costs and for Plaintiffs' incentive payment. The Court AWARDS the following fees and costs: $5,000,000 in attorneys' fees, $1,515,687.00 to the claim's administrator Angeion, and $2,500 to each named Plaintiff and DENIES the request for $76,696.58 in litigation costs. Reimbursement for the litigation costs is included in the $5,000,000 for attorneys' fees. Again, this Order is without prejudice to Plaintiffs making a further showing that they should recover the class counsel's litigation expenses *in addition* to the $5,000,000. Ten percent of the attorney's fees award ($500,000) shall be held back pending further order, to be issued after counsel have filed the post-distribution accounting required by the District's Procedural Guidance on Class Action Settlements.

**IT IS SO ORDERED**.

Dated: March 27, 2025

SALLIE KIM
United States Magistrate Judge