**KANTROWITZ GOLDHAMER, GRAIFMAN, PERLMUTTER & CARBALLO PC**
Gary Graifman, *admitted pro hac vice*
Melissa Emert, *admitted pro hac vice*
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Tel: (845) 356-2570
ggraifman@kgglaw.com
memert@kgglaw.com

**MIGLIACCIO & RATHOD LLP**
Nicholas Migliaccio, *admitted pro hac vice*
Jason Rathod, *pro hac vice forthcoming*
412 H St NE #302
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

**FEDERMAN & SHERWOOD**
William B. Federman, *admitted pro hac vice*
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
wbf@federmanlaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SALINAS, RAYMEL WASHINGTON, and AMANDA GORDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOCK, INC. and CASH APP INVESTING, LLC,<br><br>Defendants. | Case No. 3:22-cv-04823<br><br>**JOINT SUPPLEMENTAL DECLARATION OF CLASS COUNSEL** |

GARY S. GRAIFMAN, WILLIAM B. FEDERMAN and NICHOLAS MIGLIACCIO submit this joint supplemental declaration ("Supplemental Declaration"), declaring under the penalties of perjury as follows:

1. Gary S. Graifman is a partner with Kantrowitz, Goldhamer, Graifman, Perlmutter & Carballo P.C. ("KGG") and served as one of the Court-appointed Co-Lead Counsel for Plaintiffs and the Settlement Class in this action. William B. Federman is a partner with Federman & Sherwood ("F&S") and served as one of the Court-appointed Co-Lead Counsel for Plaintiffs and the Settlement Class in this action. Nicholas Migliaccio is a partner with Migliaccio & Rathod LLP ("M&R") and served as one of the Court-appointed Co-Lead Counsel for Plaintiffs and the Settlement Class in this action. For ease of reference in this Supplemental Declaration "Co-Lead Counsel" refers to the three above-referenced firms.[1]

2. Co-Lead Counsel have personal knowledge of the matters set forth herein and, where stated upon information and belief, such information is based upon communications among the participating Class Counsel firms and review of their reported time and lodestar information.

3. This Supplemental Declaration is respectfully submitted to provide the Court with additional information concerning the substantial attorney time and lodestar incurred by Class Counsel following submission of Plaintiffs' Motion for Award of Attorney's Fees and Costs, and Service Awards ("Plaintiffs' Motion for Attorney's Fees") submitted to the Court on August 15, 2024 (ECF # 100) awarding attorneys' fees in connection with the continued implementation and completion of the Settlement. The additional time reported herein covers the period August 15, 2024 through July 10, 2026. This declaration is intended to supplement the record concerning the work performed by Class Counsel after the fee award and through the conclusion of the settlement administration.

[1] As set forth in the Settlement Agreement herein, additional firms of record in the case defined as "Class Counsel" in that Settlement Agreement, include the firms, Gustafson Gluek PLLC and Scott Hirsch Law Group. *See* ¶ II.A.(7) of Settlement Agreement.

4. Class Counsel is not seeking any additional fees other than those previously awarded (inclusive of the ten percent (10%) holdback) and submits this declaration to apprise the Court about the additional work by Class Counsel.

5. On March 27, 2025, the Court awarded attorneys' fees to Class Counsel while withholding ten percent (10%) of the award pending completion of the settlement administration (ECF # 157).

6. Since the submission of Plaintiffs' Motion for Attorney's Fees, Class Counsel, including Co-Lead Counsel and the other participating firms that assisted in implementing the Settlement, have continued to devote substantial attorney and professional staff time to successfully implementing and completing every aspect of the Settlement. This work was necessary to ensure that Settlement Class Members received the benefits approved by the Court and that the Settlement was administered fairly, accurately, and efficiently.

7. As anticipated, the post-approval administration proved to be significantly labor-intensive. The size of the Settlement Class, the volume of submitted claims, the extensive communications with Settlement Class Members, the complexity of the claims review process, and the attorney appeal process required substantial attorney involvement over nearly two years following the Court's fee award.

8. Throughout the administration process, Class Counsel worked closely with Angeion Group LLC, the Court-appointed Settlement Administrator, regarding every aspect of the Settlement's implementation. This included regular conferences concerning notice dissemination, claims processing, deficiency notices, appeals, payment issues, administration reports, settlement implementation, and numerous other matters necessary to administer the Settlement in accordance with the Settlement Agreement and the Court's Orders.

9. Class Counsel also devoted substantial time assisting Settlement Class Members throughout the claims administration process. Attorneys and professional staff communicated extensively with individual Settlement Class Members regarding claim submissions, eligibility requirements, supporting documentation, deficiency notices, claim status, payment issues, and other settlement-

related questions. Class Counsel also worked with Settlement Class Members to assist them in curing deficiencies and ensuring that claims were fairly evaluated under the Settlement Agreement.

10. In addition, Class Counsel devoted substantial time working with Angeion regarding claim administration issues, reviewing reports and data, addressing claim-related questions, resolving administration issues, coordinating with defense counsel concerning settlement implementation, and preparing filings required by the Court during the administration process.

11. One of the most significant components of the post-approval work involved the attorney review appeal process. Pursuant to the Settlement Agreement, Settlement Class Members whose claims were denied or partially denied were entitled to request an administrative appeal in the form of an attorney review whereby the specific file of the appealing class member maintained by Angeion would be transmitted to both Class Counsel and defense counsel and, if the review indicated that the claim should be approved, the parties would meet and confer to determine whether to reverse the denial. Class Counsel devoted substantial attorney time reviewing approximately 9,250 attorney review appeals, evaluating supporting documentation and claim files, conferring with Angeion and defense counsel as appropriate, advocating on behalf of Settlement Class Members where warranted, and assisting in the resolution of disputed claims. In addition, during the administration process, approximately 937,869 deficiency notices were issued to Settlement Class Members; Class Counsel and their professional staff responded to thousands of telephone calls and email inquiries from Settlement Class Members; Class Counsel exchanged dozens of substantive communications with Angeion concerning claim administration, appeals, deficiencies, claim processing, and settlement implementation; and an undetermined amount of additional individualized claim reviews or other claim-related determinations were performed by Class Counsel in connection with disputed or complex claims. These figures demonstrate the extraordinary scope of the post-approval administration and the substantial attorney involvement required to successfully implement the Settlement.

12. The work performed after Plaintiffs' Motion for Attorney's Fees submission on August 15, 2024 was not merely ministerial or administrative in nature. Rather, it required substantial attorney

judgment, legal analysis, advocacy on behalf of Settlement Class Members, coordination among Class Counsel and the Settlement Administrator, and continuing oversight of the implementation of the Settlement approved by the Court.

13. From August 15, 2024 through July 10, 2026, Class Counsel devoted an additional approximately 2300 hours in connection with the continued implementation and completion of the Settlement, representing an additional lodestar of approximately $1,172,500.

14. The foregoing figures reflect actual time incurred after submission of Plaintiffs' Motion for Attorney's Fees. The hours were recorded in the ordinary course of business by the participating Class Counsel firms and represent work performed in implementing, supervising, and completing the Settlement.

15. The additional hours and lodestar summarized above reflect work that was not merely anticipated at the time of the original fee application but was performed by Class Counsel during the nearly two years following the submission of Plaintiffs' Motion for Attorney's Fees on August 15, 2024. As reflected by the additional hours and lodestar, together with the extraordinary volume of attorney appeals, deficiency reviews, Settlement Class Member communications, coordination with Angeion, and other post-approval administration activities, the successful implementation of this Settlement required substantial additional attorney involvement throughout the settlement administration process.

16. This Supplemental Declaration is submitted to provide the Court with a complete record of the work performed by Class Counsel following the submission of Plaintiffs' Motion for Attorney's Fees on August 15, 2024. The additional attorney time and lodestar described herein demonstrate that Class Counsel continued to devote substantial time and resources to implementing and completing the Settlement through the conclusion of the settlement administration.

17. The purpose of this declaration is to provide the Court with additional information regarding Notice & Administration Costs in response to the Court's Order Denying Motion for Post-Distribution Accounting Without Prejudice ("Order"). Dkt. No. 181. Specifically, this declaration responds to the Court's request for additional information by explaining what Angeion knew at each

stage of the settlement administration process, the assumptions underlying each Notice & Administration Cost estimate, the information available when each estimate was prepared, and the subsequent developments that resulted in revisions to those estimates.

Hereby declared under penalty of perjury that the foregoing is true and correct.

Dated: July 21, 2026

*/s/ Gary S. Graifman*
GARY S. GRAIFMAN

*/s/ William B. Federman*
WILLIAM B. FEDERMAN

*/s/ Nicholas Migliaccio*
NICHOLAS MIGLIACCIO