**KANTROWITZ GOLDHAMER, GRAIFMAN, PERLMUTTER & CARBALLO PC**
Gary Graifman, *admitted pro hac vice*
Melissa Emert, *admitted pro hac vice*
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Tel: (845) 356-2570
ggraifman@kgglaw.com
memert@kgglaw.com

**MIGLIACCIO & RATHOD LLP**
Nicholas Migliaccio, *admitted pro hac vice*
Jason Rathod, *pro hac vice forthcoming*
412 H St NE #302
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

**FEDERMAN & SHERWOOD**
William B. Federman, *admitted pro hac vice*
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
wbf@federmanlaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHELLE SALINAS, RAYMEL WASHINGTON, and AMANDA GORDON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

BLOCK, INC. and CASH APP INVESTING, LLC,

Defendants.

Case No. 3:22-cv-04823

**CLASS COUNSEL'S RESPONSE TO SETTLEMENT CLASS MEMBER CORRESPONDENCE (DKT. NOS. 194, 195, 196)**

GARY S. GRAIFMAN, WILLIAM B. FEDERMAN and NICHOLAS MIGLIACCIO submit this joint response ("Response") to the three letters recently submitted to the Court by Settlement Class Members and docketed at Dkt. Nos. 194, 195, and 196.

Each letter concerns the administration of a single class member's individual claim. None identifies a defect in the Settlement or in its administration that would warrant the Court's intervention or any additional relief.

The Court granted final approval of the Settlement on March 27, 2025, and the Settlement Administrator, Angeion Group, has substantially completed the claims-administration process. Class Counsel address each letter below and respectfully submit that the Court should decline to disturb the Administrator's individual claim determinations, while Class Counsel continue to coordinate with the Administrator to confirm the record as to each class member.

## I. STATEMENT OF FACTS

1. This Court granted final approval of the Settlement and awarded attorneys' fees and costs on March 27, 2025. The $15 million Settlement has since been administered by Angeion Group.

2. Over the course of that administration, Angeion issued approximately 937,869 deficiency notices, processed approximately 9,250 attorney-review appeals, and handled approximately 145,000 Settlement Class Member communications.

3. The three letters docketed at Dkt. Nos. 194, 195, and 196 each arise out of this administration and concern the handling of one claimant's individual claim.

4. Class Counsel is not seeking any additional fees other than those previously awarded (inclusive of the ten percent (10%) holdback) and submits this declaration to apprise the Court about the additional work by Class Counsel.

## II. LEGAL STANDARD

5. In administering and distributing a class-action settlement fund, a district court exercises continuing supervisory jurisdiction over the settlement it approved under Federal Rule of Civil Procedure 23(e), and in discharging its obligation to absent class members it is "vested with broad

administrative as well as adjudicative power." *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1127 (9th Cir. 1977). That authority is supervisory, not adjudicatory.

6. The court's intrusion upon the parties' settlement "must be limited," and the proceeding "is not to be turned into a trial or rehearsal for trial on the merits"; the court does not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

7. A class member who seeks to overturn an administrator's determination must therefore make a "clear showing" of abuse of discretion; a reviewing court is "not to substitute [its] ideas of fairness for those of the district judge in the absence of evidence that he acted arbitrarily." *Gypsum*, 565 F.2d 1123, 1128. Finality is equally essential to the integrity of an administered fund: the Ninth Circuit has recognized that in the distribution of a large class-action settlement fund "a cutoff date is essential and at some point the matter must be terminated." *Id.* at 1127.

8. Courts of appeals in other circuits apply these principles to the same effect, and their reasoning is persuasive here. District courts "enjoy broad supervisory powers over the administration of class-action settlements," and a court will "disturb the scheme adopted by the district court only upon a showing of an abuse of discretion." *In re Agent Orange Prod. Liab. Litig. MDL No. 381*, 818 F.2d 179, 181 (2d Cir. 1987).

9. Disputes over "the valuation of class members' shares" are accordingly "typically left to the district court and Claims Administrator to resolve." *Contant v. AMA Cap., LLC*, 66 F.4th 59, 65 (2d Cir. 2023).

10. Equitable allocation of a settlement fund may be accomplished "without resolving trial-type issues of liability" as to each claimant. *Agent Orange*, 818 F.2d 179, 183.

11. Finally, the class member bears the burden of substantiating the claim with the documentation the Settlement requires; where a settlement affords a claimant the opportunity to cure deficiencies before the administrator rules, documentation first offered only after the administrator has issued its assessment may properly be disregarded, the post-assessment contest process being "akin to a motion for reconsideration" rather than an occasion to reopen the claim. *Contant*, 66 F.4th 59, 62–63, 66-67.

## III. ARGUMENT

### A. Dkt. No. 194 (Bonderowitz-Seiple): The Letter Raises a Records-Verification Question, Not a Defect in Administration

12. Ms. Bonderowitz-Seiple states that she received a settlement notice in August 2024, believes she filed a claim, and was later told the Administrator could not locate her claim. *See* Dkt. No. 194 at 1.

13. Her letter attaches a screenshot of the class notice bearing Notice ID CHA157191355. *See* Dkt. No. 194 at 2.

14. Receipt of a class notice confirms that she was identified as a potential class member; it does not establish that a claim was in fact submitted, received, and accepted.

15. Her letter identifies no claimed loss amount and no claim confirmation.

16. Class Counsel have asked the Administrator to search its records by the notice identifier, confirmation code, name, and email to determine whether a claim was submitted, and will provide Ms. Bonderowitz-Seiple an individualized response.

17. This letter identifies no error in the administration of the Settlement; it raises a records-verification question that Class Counsel and the Administrator are addressing directly.

18. That inquiry falls within the Administrator's day-to-day administration of the fund and does not present any defect requiring the Court to depart from its limited, supervisory role. *Gypsum*, 565 F.2d 1123, 1127.

### B. Dkt. No. 195 (Sabino): The Claim Was Denied for Want of Documentation, a Determination Within the Administrator's Discretion

19. Mr. Sabino challenges a May 12, 2025, deficiency notice as improperly served, asserting that it was sent to a college email address he could not access while incarcerated and that he had mailed the Administrator an updated address. *See* Dkt. No. 195 at 1.

20. The record reflects that his claim was submitted on July 28, 2024, and that the Administrator issued the deficiency notice because he had not submitted any documentation supporting his claimed out-of-pocket losses, lost time, or transaction losses; that notice was delivered to the email address

associated with his claim and registered as "clicked," and the Administrator received no response and no supporting documentation, so the claim was not approved. *See* Dkt. No. 195 at 2.

21. Class Counsel already responded to Mr. Sabino by letter dated September 30, 2026, explaining these facts and inviting him to provide any records substantiating his assertion that his claim had previously been approved. *See* Dkt. No. 195 at 2.

22. The dispositive point is that no documentation of any covered loss was submitted. The substantive denial rests on that absence of proof — and the burden to substantiate the claim with the documentation the Settlement requires rested on Mr. Sabino. *Contant*, 66 F.4th 59, 62–63.

23. Mr. Sabino's incarceration and his assertion that he mailed address updates do not, without evidence of a covered loss, establish that the Administrator acted arbitrarily or contrary to the Settlement, and the letter does not make the "clear showing" of abuse of discretion required to disturb the determination. *Gypsum*, 565 F.2d 1123, 1128.

24. Class Counsel will confirm the Administrator's notice and address-change records; on the present record, however, the letter does not establish discrimination or bad faith, and it supplies no basis for the Court to order payment of an unsubstantiated claim.

**C. Dkt. No. 196 (Sobel-Sorenson): A Disagreement With a Discretionary Eligibility Determination Does Not Warrant Review**

25. Mr. Sobel-Sorenson disputes the denial of $5,547.00 in claimed losses arising from fraudulent chargebacks and error-resolution issues on a Square account, Claim ID CHA171023409. *See* Dkt. No. 196 at 5.

26. He contends that his losses fall within the covered "deficiency in error resolution" category and that, as a former Square customer, he is a class member because Square is an affiliate of Block. *See* Dkt. No. 196 at 6.

27. He further argues that the determination is internally contradictory because the Administrator denied coverage while issuing a $96.43 ACH payment on October 7, 2026. *See* Dkt. No. 196 at 6.

28. These contentions do not establish that the Administrator acted arbitrarily. Membership within a broad affiliate definition is not the same as benefit eligibility; the Settlement compensates

losses bearing the required nexus to a Cash App or Cash App Investing account, and Square merchant chargebacks are not necessarily qualifying losses.

29. Whether the claimed transactions bear that connection is exactly the kind of discretionary allocation determination left to the district court and the Claims Administrator to resolve, and it may be made "without resolving trial-type issues of liability" as to each transaction. *Contant*, 66 F.4th 59, 65; *Agent Orange*, 818 F.2d 179, 183.

30. Nor is a partial payment inherently contradictory: a partial denial of certain transaction losses can coexist with a separate approved benefit, and the $96.43 payment does not by itself show error.

31. Mr. Sobel-Sorenson pursued the Settlement's deficiency-cure and appeal process, and the Administrator issued a final determination on October 20, 2026. *See* Dkt. No. 196 at 5.

32. His disagreement with that outcome raises only the correctness of a discretionary administrative decision on the facts of his individual claim, and this Court is "not to substitute [its] ideas of fairness" for the Administrator's absent evidence that it "acted arbitrarily." *Gypsum*, 565 F.2d 1123, 1128.

33. Should the Court wish, Class Counsel will coordinate with the Administrator to confirm the benefit calculation, the treatment of the submitted documentation, and the appeal record.

## IV. CONCLUSION

34. For these reasons, Class Counsel respectfully submit that the letters at Dkt. Nos. 194, 195, and 196 raise individual claims-administration matters rather than any defect in the Settlement or its administration, and that none makes the "clear showing" of abuse of discretion required to disturb the Settlement Administrator's determinations. *Gypsum*, 565 F.2d 1123, 1128.

35. Consistent with the Court's limited, supervisory role, which does not extend to re-adjudicating individual claims on their merits, Class Counsel will continue to coordinate with the Settlement Administrator to verify the record as to each class member and to provide an individualized response, and respectfully request that the Court decline to order additional relief.

Dated: November 19, 2026

*/s/: William B. Federman*

**FEDERMAN & SHERWOOD**
William B. Federman
admitted pro hac vice
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
wbf@federmanlaw.com

**KANTROWITZ, GOLDHAMER & GRAIFMAN, PC**
Gary Graifman, admitted pro hac vice
Melissa Emert, admitted pro hac vice
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Tel: (845) 356-2570
ggraifman@kgglaw.com
memert@kgglaw.com

**MIGLIACCIO & RATHOD LLP**
Nicholas Migliaccio, admitted pro hac vice
412 H St NE #302
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com

***Settlement Class Counsel***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ William B. Federman*

William B. Federman